## AUGUST KOLB *vs.* THOMAS A. SWANN.

*Judgment by an Equally divided Court—Former decision—*
*Res Judicata.*

A judgment by an equally divided Court, where the law provides for
a judgment by an equal division, is as effective in all respects, so
far as that case is concerned, as a unanimous judgment rendered by
the whole Court.

A decision by an equally divided Court, determining the title to certain
real estate, is conclusive upon the question of the same title in a
subsequent case between different parties, unless a state of facts
different from that which existed in the former case, is disclosed,
or it be shown affirmatively that the former decision was manifestly
erroneous.

APPEAL from the Circuit Court of Baltimore City.

The appellee, the owner of a leasehold lot of ground
and improvements on the north side of Preston street in
the City of Baltimore, sold the same to the appellant.
The title having been objected to, questions involving its
validity were presented by a special case stated. The
Court (DENNIS, J.) upheld the title, and from the *pro forma*
decree requiring the purchaser to comply with the terms
of sale, he appealed.

The cause was submitted on briefs to ALVEY, C. J.,
YELLOTT, STONE, MILLER, ROBINSON, IRVING, BRYAN, and
McSHERRY, J.

*George R. Willis,* for the appellant.

Article 35 of the Declaration of Rights of 1851 is in
terms alike with Article 34 of the Declaration of Rights
of 1776, except that the Article of 1851 increases the
number of acres that may be held by a religious corpo-

ration from two to five, and allows the same to be used for a parsonage, house of worship and a burial ground; and, without the especial leave of the Legislature, any gift, sale or devise to a religious corporation which does not fall within this exception, is void. *Grove vs. Trustees, &c.*, 33 *Md.*, 454.

The Bill of Rights of 1776 determined the interest acquired by the corporation in 1820, when it made the purchase of Oliver, and governs the construction of any deed subsequently made in pursuance of that purchase. *State, &c. vs. Warren*, 28 *Md.*, 354; *Church Extension vs. Smith*, 56 *Md.*, 392, 393; *Grove's Case*, 33 *Md.*, 454; *Rock Hill College vs. Jones*, 47 *Md.*, 1.

The title of the appellee cannot be considered paramount to the title of those under whom he claims. If the title of the church is not a merchantable one, those to whom it was sold could not acquire thereby any better title than it held.

The appellant agreed to purchase the leasehold estate in said lot, together with improvements erected thereon, and is entitled to a conveyance of the same, whereby she may be vested with a good and saleable title to the interest in the land so purchased. It is not sufficient to say to a purchaser of the leasehold estate in lands that "although the title to the reversion in fee in the land is defective, and your term may be defeated by reason of such defect, the Court will allow you to be paid for the improvements thereon." This fact alone renders the property unsaleable, and Courts of equity will not require a purchaser to take a title to an interest or estate in lands where there is such a defect in the title thereto as to defeat his estate.

*Frank Gossnell*, for the appellee.

The judgment in *Trimble's Case* though by an equally divided Court, was that of the entire Court, and it is as

binding in every respect as if rendered by the concurrence of all the Judges. *The Antelope,* 10 *Wheaton,* 66; *Etting vs. The Bank of the United States,* 11 *Wheaton,* 59; *Washington Bridge Co. vs. Stewart,* 3 *How.,* 424; *Durant vs. Essex Company,* 7 *Wall.,* 107, 113, *and appendix p.* 755, *and* 101 *U. S.,* 555.

"If as a general rule, upon principles of judicial propriety and in view of the importance of having the law fixed and certain, a Court respects its own decision even in analagous cases, there would seem to be more reason for adhering to them where the facts are the same, *though between different parties.*" *Dugan vs. Hollins,* 13 *Md.,* 149, 162. See also *Hammond's Lessee vs. Inloes,* 4 *Md.,* 138, 166; *Mitchell vs. Mitchell's Lessee,* 6 *Md.,* 224, 234.

STONE, J., delivered the opinion of the Court.

In the case of *Trimble vs. The African Methodist Bethel Church of Baltimore City,* decided by this Court at the January Term, 1887, the question, and indeed the only question involved, was the title of that church to a lot of about two acres of land sold to it by Robert Oliver for a grave yard. The land was purchased in 1820, and used as a burying ground for some sixty years or more, and until the City of Baltimore, having opened streets through the lot, it could no longer be used for that purpose. The church then proceeded to divide this land into small lots and sell them for building purposes. The Trimbles, the appellants in the case referred to, purchased one or more of these building lots, but having some doubts whether the African Church had a good and merchantable title to what, for the sake of brevity, we may term the grave yard lot, brought the question to this Court upon a case stated.

The question and the only question involved in that suit, was whether the African Church had a good fee simple title to the whole of that grave yard lot? The church held the whole grave yard lot under the same conveyance and

by the same title, so that a decision that the church held the title to any part of the grave yard lot, necessarily implied a title to the whole.  No pretence was made that any part of the lot was held under any different title or claim, except that which applied to the whole; on the contrary it was shown in that case that the title to the whole lot was an indivisible one, arising from the same source and depending upon the identical same title papers.

Upon the case so brought before this Court we held (by an equally divided Court,) that the African Church had a good and merchantable title to the lot it had sold to the Trimbles, and in so deciding we necessarily decided that the African Church had a good and merchantable title to the *whole* of the grave yard lot.

Some time subsequent to that decision, Swann, the appellee, became the purchaser of one of the building lots carved out of the grave yard lot, and bargained to lease the same to the appellant, Kolb; but Kolb still having some doubts as to the title of the church, (owing, we suppose, to the fact that the former decision was made by an equally divided Court, and without an opinion being filed,) refused to comply with his bargain, and therefore the matter has been again brought before this Court.  The facts in this case are precisely the same as in *Trimble's Case*, except that in *Trimble's Case* the question was presented between the church and its immediate grantee, and in this the question comes up between a grantee of one of the building lots and his lessee.  But the question is precisely the same, as there is no dispute or difficulty about the mesne conveyances from the church to the plaintiff in this case.  That part of the grave yard lot that was the subject of controversy in *Trimble's Case* is not the same part that is involved in this case, but each is a part of the original grave yard.

It is apparent from this statement that this Court, having within a year, decided that the African Church had a good

and merchantable title to the whole of this grave yard lot, the question which first presents itself is, whether we should now re-examine that decision.

We may concede for the sake of the argument, that technically and strictly speaking, this suit is not *res judicata*, because the parties are different, and the present parties should not be held conclusively bound by the decision in that case in which they had no opportunity to be heard. We may also concede that the judgment in that case is not what may properly be termed a judgment in *rem* and binding on the world; we may also further concede the power of the Court to reverse its own decision. But notwithstanding all this, we think that both sound reason and the authority of adjudged cases, will amply justify us in a refusal to reopen this question of the title of the grave yard.

As the difficulty seems to have arisen in the mind of the appellee because *Trimble's Case* was decided by an equally divided Court, we will first dispose of that question.

The binding force and effect of a judgment of a Court of competent jurisdiction, and of all the legal consequences which flow from it, in no wise depend upon the number of Judges who sat in the case, or who concurred in the judgment, provided only the Court was legally organized. A judgment rendered by a mere majority, or by an equally divided Court, where the law provides for the judgment by an equal division, is just as effective in all respects as if it were the unanimous decision of every Judge upon the Bench. Every legal consequence that belongs to any judgment follows a judgment so rendered. It is a lien on the real estate of the defendant; it can be plead as *res judicata* where the subject is again sought to be litigated between the same parties, and, in a word, has every attribute of a judgment rendered by the whole Court, as far as that case is concerned.

The only difference is, that a judgment rendered by an equally divided Court has not the same authority in *anal-*

Kolb *vs.* Swann.

*agous cases,* that one would have, rendered by a majority of the Court, and where the reasons upon which it is founded appear in the opinion. For these views we have ample authority. The *Antelope,* 10 *Wheaton,* 66; *Washington Bridge Co. vs. Stewart,* 3 *Howard,* 413; *Durant vs. Essex Company,* 7 *Wallace,* 107, *and* 101 *U. S.,* 555; *Minnesota Mining Co. vs. National Mining Co.,* 3 *Wallace,* 332; *Beloit vs. Morgan,* 7 *Wall.,* 619.

Considering then the judgment in *Trimble's Case* as an ordinary judgment, and to have the same effect as any judgment could have, let us see how it affects the case at bar.

We have conceded, as we before said, the power of the Court to reverse its own decisions in analagous cases. The varying conditions of the community render such a power necessary for the furtherance of justice, and to meet the complex problems of business transactions. But as was well said by Judge EARLE in *Hammond vs. Ridgely,* 5 *H. & J.,* 278, such power should be exercised with caution, and only where some important rule of property or practice or public policy clearly points out the necessity for the change, and the reasons should be made apparent. The burden is upon him who seeks the change.

But this is not an analagous case. It is practically the same case that we have before decided. The title to the *same property, upon the same state of facts,* is brought before us again. If we were to consent to re-examine the title to this property, and should we come to a different conclusion from what the Court did in *Trimble's Case,* the consequence would necessarily result, that every building lot into which this grave yard was suqdivdied except the lots in Trimble's and this case, must necessarily be brought before this Court to have the question of title settled, as there would be two irreconcilable decisions applying to different parts of the same tract of land. But such a course is not sanctioned by authority.

In *Hammond's Lessee vs. Inloes*, 4 *Md.*, 165, the Court quote with approbation the language of the Court in *Hammond vs. Ridgely*, in which the Judge who delivered the opinion said :

"If an exposition is given to a will or deed, (and so of an Act of Assembly) fully defining the rights of the parties, or any other opinion is expressed settling the title to the thing in dispute between them, it should be deemed irrevocable, and never again touched, where the same persons, and those claiming under them, are concerned in the contestation." And in the same case the Court goes on to say :

"If as a general rule upon principles of judicial propriety, and in view of the importance of having the law fixed and certain, a Court respects its own decisions, even in analagous cases, there would seem to be more reason for adhering to them where the facts are the same, though between different parties."

We may also refer to *Mitchell vs. Mitchell's Lessee*, 6 *Md.*, 224, and *Dugan vs. Hollins*, 13 *Md.*, 149.

We think, therefore, that the question of the title to this grave yard lot should not be reopened, unless upon a case disclosing a different state of facts from what existed in the *Trimble Case*, or unless it had been shown affirmatively that our former decision was manifestly erroneous.

But neither of these contingencies has arisen. The facts are the same, the argument is the same, and the authorities are the same, and therefore the decree must be the same.

*Decree affirmed.*