LICHTY et ux. v. LEWIS et ux.

(Circuit Court, D. Washington, N. D.   August 31, 1894.)

JUDGMENT—RES JUDICATA—COMMUNITY PROPERTY.

   A judgment in an action against a husband only, to determine adverse claims to land, is a bar to a subsequent action by such husband and his wife against the plaintiff in the former action, involving the same questions adjudicated in the first action, though the land is community property.

This was an action of ejectment by Harvey M. Lichty and wife against Joseph R. Lewis and wife.   Heard on demurrer to answer. Demurrer overruled.

Parsons, Rudkin & Saylor, for plaintiffs.

Whitson & Parker, Harold Preston, and J. R. Lewis, for defendants.

HANFORD, District Judge (orally).   This is an action of ejectment by Harvey M. Lichty and wife against the defendants, J. R. Lewis and wife, to determine adverse claims to real estate situated in Yakima county, in this state.  Plaintiffs claim a community property interest, which the defendants dispute.   On that ground they seek a judgment establishing against the defendants the validity of their title and rights as cotenants.   The answer contains a plea setting forth that in a suit between Joseph R. Lewis and Harvey M. Lichty all the questions involved in this case were adjudicated by the superior court for Yakima county, and that decision has been affirmed by the supreme court of this state.   Lewis v. Lichty, 3 Wash. 213, 28 Pac. 356.   Plaintiffs demurred to said plea on the ground that a judgment between Harvey M. Lichty and Joseph R. Lewis is not binding as an estoppel against the same Harvey M. Lichty and his wife.   The plaintiffs' position is that, the parties being different, and this being community property, no court would have jurisdiction to determine the questions involved without the presence as parties of the wives as well as the husbands interested. It is my opinion that, the state court having considered and passed upon the question as to whether Harvey M. Lichty had any title to the property, and having adjudged that his grantors had been divested of their title, so that their quitclaim deeds to him, constituting the basis of his claims, are for that reason invalid, its decision is determinative of the whole matter.   I do not think that the same question can be again litigated without establishing a principle which would be pernicious.   To allow a married man to come into a court of competent jurisdiction and submit a contro-

versy for final determination, and, being defeated, then bring his wife into court, and go through the same litigation over again, would be harassing, and prejudicial to the best interests of the public. I do not think that the legislature, in enacting the community property law, ever contemplated that the law would admit of any such abuse of judicial process. I think that while a limitation is placed in the community property law upon the right of a husband to sell or dispose of community real estate without the consent of his wife, it was not intended to tie his hands so that the ordinary business of the country cannot be conducted in the way that business is usually conducted by the head of the family; and it was to guard against such a clog upon business that a provision was put into the law, giving to the husband the management and control of the community real estate. That carries with it the right, where litigation affects the title of a husband and wife to any property, to employ counsel to defend, and do whatever is necessary in making a full presentation of the rights of the community; and when a husband does submit such a controversy to adjudication he should be deemed to be acting honorably, and for the interests which he represents in his capacity as manager of the community property; and unless the proceedings be assailed on the ground of fraud, duress, or collusion between the husband and the adverse party, a final judgment in such a case is conclusive upon both the husband and wife. The reason for this is that the interests of husband and wife in their community property are mutual, and all suits affecting such property come within the general rule that the person who represents another in legal proceedings and the person who is represented have a legal identity, and whatever binds one with respect to the subject of their common interest binds the other also. 1 Herm. Estop. 204. The supreme court, in an opinion by Mr. Chief Justice Waite, in the case of Litchfield v. Goodnow, 123 U. S. 549, 8 Sup. Ct. 210, recognizes this rule, saying that: "To give full effect to the principle by which parties are held bound by judgment, all persons who are represented by the parties and claim under them, or in privity with them, are equally concluded by the same proceedings;" and that "the term 'privity' denotes mutual successive relationship to the same rights of property." And in the case of Plumb v. Goodnow, 123 U. S. 560, 8 Sup. Ct. 216, the court makes a practical application of the rule. Upon the authorities and for the reasons stated I hold that the facts alleged in this plea, if true, are a bar to this suit. Demurrer overruled.