LICHTY et ux. v. LEWIS et ux.

(Circuit Court of Appeals, Ninth Circuit. October 6, 1896.)

No. 255.

JUDGMENT—RES JUDICATA—COMMUNITY PROPERTY.

A judgment in an action against a husband only, to determine adverse claims to land, is a bar to a subsequent action by such husband and his wife against the plaintiff in the former action, involving the same questions adjudicated in the first action, though the land is community property. McKenna, Circuit Judge, dissenting. 63 Fed. 535, affirmed. Leggett v. Ross (Wash.) 44 Pac. 111, followed.

In Error to the Circuit Court of the United States for the Southern Division of the District of Washington.

Galusha Parsons, for plaintiffs in error.
Edward Whitson and Harold Preston, for defendants in error.

Before McKENNA, GILBERT, and ROSS, Circuit Judges.

ROSS, Circuit Judge. This is an action of ejectment brought in the court below by Lichty and wife against Lewis and wife, in which the defendants in their answer set up, among other defenses, a judgment rendered in a suit brought by Lewis against Lichty and certain heirs of one Mabry, in one of the courts of the state of Washington, to quiet his alleged title to the lands that are the subject of the present action. In that suit judgment was given in favor of Lewis, and against Lichty, in the trial court, and was, on appeal to the supreme court of the state, affirmed. 3 Wash. St. 213, 28 Pac. 356. In their complaint in the present action, Lichty and wife deraign their alleged title under four of the five heirs of the deceased Mabry, by deed

alleged to have been executed by them on the 17th of May, 1889, to the plaintiff Harvey M. Lichty, for a valuable consideration, and at which time plaintiffs allege they were husband and wife.    The answer alleges that neither of the plaintiffs ever was a resident of Washington, but that both of them were at the time of the execution of the deed to Harvey M. Lichty, and ever since have been, residents of the state of Nebraska.    To the answer of the defendants, the plaintiffs filed a reply, admitting the judgment pleaded in bar of the action, but setting up the fact that, when the suit in which the judgment was rendered was commenced, the plaintiff, Ida B. Lichty was, and ever since has been, the wife of Harvey M. Lichty, and was not made a party to that suit, for which reason it is urged the judgment rendered therein constitutes no bar to the present action.    Upon a demurrer to that reply, the ruling of the court below was against the plaintiffs on that question, and the case is brought here by writ of error on that point only.    63 Fed. 535.

The court below treated the interest conveyed by the deed made to Harvey M. Lichty as community property of Lichty and wife, which it held could be, and was, properly represented by him alone in the suit involving it, and that the wife was not a necessary party thereto. Assuming that, upon the facts as they are made to appear by the pleadings, the interest, if any, conveyed to Harvey M. Lichty by the deed of May 17, 1889, constituted community property of himself and wife, we think the judgment of the court below should be affirmed, upon the authority of the case of Leggett v. Ross, 44 Pac. 111, in which case the supreme court of the state of Washington, where the lands in question are situated, administering the laws of that state, in a case involving community real property there situated, held that the wife was not a necessary party to a preceding action concerning it, to which the husband only was a party, but is concluded by the judgment against the husband rendered in the prior action involving the same subject-matter.    It is true that the court added to that ruling this statement:

"There is nothing to show that said action was commenced and prosecuted without her [the wife's] knowledge ·or authority, or against her wishes, or that she sought in any way to interfere therein; and, under the circumstances, she being the wife of the plaintiff, in order to avoid the effect of that judgment, and the presumption that it was brought without her knowledge and consent, it was necessary for her to show facts to the contrary."

Whether any such showing, short of one of fraud, duress, or collusion, would, in the judgment of that court, relieve the wife of the effect of a judgment against the husband in respect to community realty, we are not advised.    Certainly, it is not there so decided; for the court states that there was no such proof in that case, nor is there in the case here anything of that nature.    Without expressing or indicating our own views in respect to the point decided in the case of Leggett v. Ross, supra, or in respect to the suggestions contained in the above quotation from the opinion in that case, but following the ruling there made by the highest court of the state in respect to a rule of property within the state, the judgment of the court below is affirmed.

McKENNA, Circuit Judge (dissenting). This action is ejectment, and the controversy between the parties turns on the effect of a judgment obtained by the defendant in error Joseph R. Lewis against plaintiff in error Harvey M. Lichty in the state courts of Washington, their respective wives not being parties to the suit. The suit was to quiet title, and the titles passed on were the same as involved in this action. 3 Wash. St. 213, 28 Pac. 356. It is not necessary to quote the pleadings at length. It is enough to say that to the complaint the former judgment was pleaded as a defense, and to this a reply was made, and a demurrer to each was also filed. That to the defense of the judgment was overruled, and that to the reply sustained; and, the plaintiffs declining to plead further, judgment was entered for defendants for costs. At the time Lichty and Lewis derived their alleged titles, the rights of married persons to property were provided for in the following sections of the Washington Code (1881):

"Sec. 2400. The property and pecuniary rights of every married woman, at the time of her marriage or afterwards acquired by gift, devise or inheritance, with the rents, issues and profits thereof, shall not be subject to the debts or contracts of her husband; and she may manage, lease, sell, convey, encumber or devise by will such property to the same extent and in the same manner, as her husband can property belonging to him."

"Sec. 2408. Property and pecuniary rights owned by the husband before marriage, and that acquired by him afterwards, by gift, bequest, devise or descent, with the rents, issues and profits thereof, shall not be subject to the debts or contracts of his wife, and he may manage, lease, sell, convey, encumber or devise by will, such property without the wife joining in such management, alienation or encumbrance, as fully and to the same effect as though he were unmarried.

"Sec. 2409. Property not acquired or owned as prescribed in sections 2400 and 2408, acquired after marriage by either husband or wife or both, is community property. The husband shall have the management and control of community personal property, with the like power of disposition, as he has of his separate personal property; except that he shall not devise by will more than one-half thereof.

"Sec. 2410. A husband has the management and control of the community real property; but he shall not sell, convey or encumber the community real estate, unless the wife join with him in executing the deed or other instrument of conveyance, by which the real estate is sold, conveyed or encumbered; and such deed or other instrument of conveyance must be acknowledged by him and his wife. Provided, however, that all such community real estate shall be subject to the liens of mechanics and others, for labor and materials furnished in erecting structures and improvements thereon as provided by law in other cases, to liens and judgments recovered for community debts, and to sale on execution issued thereon."

Regarding the letter of these provisions, the conveyance to Lichty made the land community property. But it is urged by defendants that they only apply where both husband and wife are residents of the state; and that Mrs. Lichty is estopped by her conduct in not living with her husband to assert her rights to the property; and that the law gives the husband the management and control of the community property, and hence he alone is a necessary party to an action concerning it.

The law of community property is not as clearly defined by the decisions of the supreme court of Washington as those seeking precision of views would like, but I think they establish two proposi-

tions: (1) That the husband has no right to convey community lands; (2) that a wife may be estopped by her conduct from asserting her rights to community property.

The first proposition is established by the cases of Isaacs v. Holland, 4 Wash. 54, 29 Pac. 976, and Colcord v. Leddy, 4 Wash. 791, 31 Pac. 320; and the second proposition by the same cases, and by Sadler v. Niesz, 5 Wash. 182, 31 Pac. 630, 1030, and Nuhn v. Miller, 5 Wash. 405, 31 Pac. 1031, and 34 Pac. 152; also, Adams v. Black, 6 Wash. 528, 33 Pac. 1074. In Colcord v. Leddy, the conveyance passed on was a lease, and it was said that such an instrument might, or might not, be void, according as it was taken, or as not taken, with knowledge of the community; and Holyoke v. Jackson, 3 Wash. T. 235, 3 Pac. 841, and Hoover v. Chambers, 3 Wash. T. 26, 13 Pac. 547, were cited. In the other cases supra, the rule is announced that if the record did not disclose the wife's interest in the property, and a reasonable inquiry did not make known her existence, the party who took in ignorance of her existence and rights would be protected in his purchase. Besides, therefore, the fact that the spouses did not live together, it is necessary to allege and prove an inquiry was made, and the reasonable inability from it to ascertain the existence of the absent spouse.

In the case of Hershberger v. Blewett, 46 Fed. 704, Judge Hanford held that, prior to the act of 1876, nonresident married persons were not affected by the community property law of Washington territory. In Gratton v. Weber, 47 Fed. 852, he, however, held that:

"The act of 1879, and all subsequent legislation upon the subject, is general and applicable to all subsequent acquisitions of real estate situated within the territory by nonresidents, as well as by inhabitants. Property acquired by purchase by a married person is presumed to be community property. * * *"

The statute of the territory of which this interpretation was given is now the statute of the state.

It follows from these views that Mrs. Lichty had an interest in the lands which were the subject of the suit in Lewis v. Lichty, and it must be conceded that she was a necessary party to any suit affecting it, unless her husband was, by the statute, made her representative. This is contended by the defendants in error, and seems to have been decided by the circuit court.

Section 2410, supra, provides that:

"A husband has the management and control of the community real property; but he shall not sell, convey or encumber the community real estate, unless the wife join with him in executing the deed or other instrument of conveyance, by which the real estate is sold, conveyed or encumbered; and such deed or other instrument of conveyance must be acknowledged by him and his wife."

The words "management and control," as used in the statute, have little, if any, difference in meaning; and it would be giving a very extensive meaning to both to interpret them as giving a power to the husband which could be used, and would be used, as a means of alienating the community property. It would, indeed, be strange if the law which, with careful provision, prohibited the selling or incumbering of the community property by the husband alone, should

enable him to do so by the easy circumlocution of an action or suit at law or in equity.

In Parke v. City of Seattle, 8 Wash. 78, 35 Pac. 594, which was an action for damages for the wrongful taking of community real estate, it was held that the wife was a necessary party. The court, by Justice Scott, said:

"The further point is raised that the plaintiff could not maintain this action for the reason that the real estate damaged was community property of the plaintiff and his wife, and that it was necessary for them to join in an action for damages thereto; and we are of opinion that this point is well taken. The respondent admits that such real estate was community property, but he contends that the husband, in such cases. can maintain an action, and that such actions are customarily brought in the name of the husband only, in this state. However this may be, it seems to us that they are not properly so brought. The claim of the plaintiff in this case is based upon the fact that the acts of the city in the premises amounted to a wrongful taking of his property; that any damage which destroyed substantial value, and inflicts irreparable and permanent injury to such real estate, is a taking, etc. It would not be contended at least, it could not be successfully contended—that the husband alone could authorize such a taking or damaging of the community real estate in the first instance; and to allow him to bring an action for the recovery thereof would be simply permitting him to do indirectly that which he could not do directly. If he has authority to maintain such an action, it follows that he has authority to compromise it, and to release the claims for which the same was brought. A contrary view was entertained by this court in Brotton v. Langert, 1 Wash. St. 73, 23 Pac. 688."

In Manufacturing Co. v. Miller, 3 Wash. St. 480, 28 Pac. 1035, it was decided that a wife was a necessary party to a foreclosure of a mechanic's lien, notwithstanding that the statute gives the power to the husband to incur the debt which the lien secured. See, also, Sagmeister v. Foss, 4 Wash. 320, 30 Pac. 80, 744; Collins v. Snoke, 9 Wash. 566, 38 Pac. 161; McDonough v. Craig, 10 Wash. 239, 38 Pac. 1034; Douthitt v. MacCulsky (Wash.) 40 Pac. 186.

From these views it is a necessary deduction that the judgment as pleaded was not binding on Mrs. Lichty, and it seems, from the authority of the case of Stockand v. Bartlett, 4 Wash. 731, 31 Pac. 24, if not binding on her, not even binding on Lichty. The point passed on was the power of a judgment creditor to sell the community property for the individual debts of the husband. It was held that it could not be done. After commenting on the inequality of the rights which would be left, the court said:

"It has been held by us that neither the husband nor wife can alienate or convey his or her interest in the community real estate separately, during the lifetime of the community; and, if neither of them have a right to sell or convey the same to any third person, creditors can have no greater right therein."

It is decided, however, by my associates, that the case of Leggett v. Ross, 44 Pac. 111, is a later declaration of the law of Washington than the cases supra. The case was an action for a specific piece of land, but became limited to a controversy concerning the location of a boundary line. An action to determine such location had been previously brought by the same plaintiffs against the same defendants, and one Alexander Ross, and the line was located so as to give the tract in controversy to defendants. The judgment became a final

one, and was offered in evidence, but was received against plaintiffs' objections. Under instructions of the court, the defendants recovered, and plaintiffs appealed. The supreme court,. by Justice Scott, said:·

"We think the record offered was admissible in evidence, and conclusive of the rights of the parties. It appeared that it was the same subject-matter which was in controversy in both actions. Conceding that lot 3 aforesaid was the community property of the plaintiffs, we think that appellant Mary Leggett is bound by the judgment in the former action, although she was not a party thereto. There is nothing to show that said action was commenced and prosecuted without her knowledge or authority, or against her wishes, or that she sought in any way to interfere therein; and, under the circumstances, she being the wife of the plaintiff, in order to avoid the effect of that judgment and the presumption that it was brought with her knowledge and consent, it was necessary for her to show facts to the contrary. Nor does the fact that Alexander Ross was joined as a defendant in that action affect the admissibility of the record, for it appears that the other defendants were the real claimants and parties in interest."

It will be observed that Justice Scott also delivered the opinion of the court in Parke v. City of Seattle, supra. If my associates have interpreted Leggett v. Ross correctly, it is certainly inconsistent with Parke v. City of Seattle. I am not disposed to assume this inconsistency. I should have to do more, and assume that the court intended, not only to overrule that case, but a number of cases, in a brief and summary opinion, and without anything to indicate a consideration of them, and to interpret a statute without quoting it, or referring to it in any way, and yet giving it a severe effect upon rights which its language could be claimed to confer by a very natural interpretation. The reconciliation of the cases must be in their different subject-matters, and in this difference may be the explanation of the language of Justice Scott which has puzzled my associates, and of which they carefully refuse an indorsement. I might, or might not, consider the difference substantial. At any rate, the reasoning and analogies of the law seem to urge that a wife's interest in property should be protected by the same safeguards as a husband's interest in property; that hers, no more than his, should be divested or impaired or affected except by her voluntary act, or, if by law, only in a proceeding in which she is a party. These are times when a wife's interests (as everybody's) is best taken care of by herself; and the law which denies this opportunity is a mocking pretense, whatever the letter of its statutes may give her.

To sustain the ruling of the circuit court, the defendants in error urge the noneffect of quitclaim deeds to pass a subsequently acquired title, and that the purchase money of the lands may have been the separate property of Lichty, and hence the lands such property. I do not deem it necessary to consider these contentions. They may be of importance in the case—indeed, determinative of it—when the facts upon which they depend are properly pleaded and proved.

I think, therefore, that the judgment of the circuit court should be reversed, and the cause remanded, with directions to take such action as may be necessary from the views herein expressed.