DOCTOR JACK POT MINING CO. v. MARSH et al.

SAME v. HUMPHREYS.

(District Court, D. Colorado. April 6, 1914.)

Nos. 5865, 6100.

JUDGMENT (§ 684*)—CONCLUSIVENESS—PERSONS BOUND.

A judgment adjudging that plaintiff was the owner and entitled to the possession of a vein or lode of ore was not conclusive as to its ownership as against lessees of the defendant, who entered as such long prior to the rendition of such judgment, and prior to the institution of the suit, in actions against them for trespass.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1207; Dec. Dig. § 684.*]

At Law. Two actions by the Doctor Jack Pot Mining Company against Frank R. Marsh and others and against A. E. Humphreys, respectively. On motions to strike, and demurrers to the complaint. Motions sustained, and demurrers overruled.

Wm. V. Hodges, Mason A. Lewis, and James B. Grant, all of Denver, Colo., for plaintiff.

Chinn & Strickler, of Colorado Springs, Colo., and Thomas, Bryant, Nye & Malburn and C. F. Clay, all of Denver, Colo., for defendants.

LEWIS, District Judge. In each of these actions the plaintiff asks for damages on account of trespasses quare clausum fregit. The premises charged to have been entered is a vein or lode of precious ore. There are two counts in each complaint, but for the purposes presently to be considered they are identical. The defendants have moved to strike certain allegations found in each count, which are to the effect that in 1909 plaintiff filed in this court an action against the Work Mining and Milling Company, the defendants' lessor, wherein the plaintiff claimed to be the owner of said vein or lode, and that on the trial of said action in 1910 plaintiff recovered judgment against said Work Mining and Milling Company wherein the issues were found in favor of the plaintiff, and that it is the owner and entitled to the possession of the vein or lode on which the trespasses are alleged to have been committed, that this judgment was on appeal affirmed, and that the defendants here in each of these cases, having entered as the lessees of said Work Mining and Milling Company, are bound by said judgment against that company. Each count in each complaint discloses that the defendants entered as lessees of the Work M. & M. Company long prior to the rendition of the judgment against it and prior to the institution of that suit. The term of the lease, given to the defendants in the first case above, had expired when the suit against the Work Company was begun, and they were out. In the second case the defendant was still in when that suit was brought.

The only authority presented by the plaintiff in resisting the motion to strike the allegations in each count, the substance of which is set

forth above, is an opinion by the Supreme Court of Minnesota, found in the case of Blew v. Ritz, 82 Minn. 530, 85 N. W. 548. In that case it appeared that the plaintiff, Mrs. Blew, owned an eighty-acre tract of land. In September, 1877, she executed a mortgage on this land to J. I. Case & Co. She was at that time a married woman and her husband did not join in the execution of the mortgage. For that reason it was void, but Mrs. Blew did not know it. The mortgage was foreclosed, and thereafter, through mesne conveyances, Burnham and Derby acquired whatever title passed by the foreclosure. They leased the land to the defendant Ritz, and he cropped the same for three successive seasons. When Mrs. Blew was informed that the mortgage she had given was void, for the reason that her husband had not joined in its execution, she commenced an action against all parties holding conveyances to the land subsequent to her mortgage, including as party defendants Burnham and Derby, the defendant's lessors, for the purpose of determining validity of claims adverse to hers in the land. Judgment was rendered in that action in her favor. The defendant Ritz had entered as the tenant of Burnham and Derby before the determination of that suit and also before it was instituted, as I gather the facts. When she was informed that the mortgage was void she notified the defendant that she claimed the premises and demanded then the possession of him. Ritz was not a party to the suit against Burnham and Derby et al. After the determination of that suit and it had been adjudged therein that she had right to the title and possession of the property, she then brought this action against Ritz to recover damages for the unlawful entry, use and occupation of the land by him. Upon the trial of the case against Ritz the judgment roll in the suit against Burnham and Derby and others was offered in evidence by the plaintiff to disprove any right in the defendant Ritz under his lease. The court, in considering the effect of that judgment against the tenant Ritz, says:

"It is now insisted that defendant, not being a party to that suit, is not concluded by the judgment against Burnham and Derby as lessors, although he specifically places his right to occupy the land upon the lease derived from them in his answer. Under these circumstances he must be treated in his right to occupy the land as the privy of, and identified in interest with, his lessors, who gave him possession, and upon whom he expressly relies; consequently he is bound by the judgment against them, and there was no error in admitting it in evidence."

Much can be said in commendation of the rule there announced by the Minnesota court. If it be true, as alleged, that the only claim, under which the defendants entered and extracted the ore, was as lessees of the Work Company, it would appear to be an idle proceeding to litigate over again the question of title between the plaintiff and said lessor, the Work Company; which necessarily follows if the lessees of that company are not bound by the judgment as to title determined in that case. And thus suits against successive lessees may bring contradictory results as to them, as well as to the judgment obtained against the lessor; and the absurdity of this from the every-day viewpoint is pointed out in Spencer v. Dearth, 43 Vt. 106, though a case quite different in character from the one in hand.

All of this is met by the watchful principle, sometimes strained, which gives every man his day in court before anything affecting his rights is adjudicated, unless the proceeding be in rem.

But whatever we may think of Blew v. Ritz, the law seems settled to the contrary. It is not necessary to review the authorities at length. They are well-nigh unbroken in both text and case law. There are, however, exceptions to this rule in other classes of cases, but with which we are not now concerned.

In Black on Judgments, vol. 2, § 549, the author, after considering the plea of res adjudicata and announcing the general rule that it can be availed of only by parties or those in privity with them, says:

"In the second place, privies, in such sense that they are bound by the judgment, are those who acquired an interest in the subject-matter after the rendition of the judgment; if their title or interest attached before that fact, they are not bound unless made parties."

In Freeman on Judgments, vol. 1, § 162, it is said:

"It is well understood, though not usually stated in express terms in works upon the subject, that no one is privy to a judgment whose succession to the rights of property thereby affected occurred previously to the institution of the suit. A tenant in possession prior to the commencement of an action of ejectment cannot therefore be lawfully dispossessed by the judgment, unless made a party to the suit. The assignee of a note is not affected by any litigation in reference to it beginning after the assignment. No grantee can be bound by any judgment in an action commenced against his grantor subsequent to the grant; otherwise a man having no interest in property could defeat the estate of the true owner."

The principle thus announced is applied in Dull v. Blackman, 169 U. S. 243, 18 Sup. Ct. 333, 42 L. Ed. 733.

The rule is stated again in Old Colony Trust Co. v. Omaha, 230 U. S. 100, 122, 33 Sup. Ct. 967, 57 L. Ed. 1410. The lessees were strangers to the judgment against the Work Company.

There is slight comfort on the other side in Key v. Wood's Adm'r 14 Md. 86; Johnson v. Richmond Co. (C. C.) 63 Fed. 494; Lichty et ux. v. Lewis et ux. (C. C.) 63 Fed. 535; Id., 77 Fed. 111, 23 C. C. A. 59; Bank at Hamburg v. Flynn (C. C.) 38 Fed. 798; Railroad Equipment Co. v. Blair, 145 N. Y. 607, 39 N. E. 962; Kolb v. Swann, 68 Md. 516, 13 Atl. 379; Baylor's Lessee v. Dejarnette, 13 Grat. (Va.) 163; and general expressions in Town of Canaan v. Turnpike Co., 1 Conn. 1.

It results that the motion to strike must be sustained.

II. The defendants' motion also embodies a demurrer to each cause of action in each complaint. But I have no doubt that each count in each complaint states a good cause of action. The demurrers will therefore be overruled.