## MARY C. MYERS *v.* HARRIET M. GORDON, ADMINISTRATRIX C. T. A.

### [No. 72, October Term, 1933.]

*Decided January 12th, 1934.*

The cause was argued before Bond, C. J., Pattison, Urner, Adkins, Digges, Parke, and Sloan, JJ.

*Edward Oswald, Jr.,* for the appellant.

*John E. Wagaman, Charles F. Wagaman* and *Albert A. Doub, Jr.,* submitting on brief, for the appellee.

Digges, J., delivered the opinion of the Court.

The single question raised for decision in this case is the validity of the defendant's third plea to the declaration. This plea is a plea of estoppel or *res adjudicata.* To the plea a demurrer was interposed by the plaintiff and sustained by the court. By this action the lower court determined that the facts set out in the plea, the truth of which was admitted by the demurrer, were insufficient to create an estoppel, and during the course of the trial rejected all evidence substantiating or tending to prove the facts alleged in the defendant's third plea. The result of the trial was a verdict and judgment for the plaintiff. From this judgment the appeal is taken, and, while there are no exceptions contained in the record, the question upon which a decision is asked is raised by the action of the court in sustaining the demurrer to the defendant's third plea. Before discussing the validity of the plea, it is necessary to have a clear understanding of the facts of this case, as shown by the record.

Albert Rummel, a citizen of Washington County, shortly prior to his death, had on deposit in the savings department of the Nicodemus National Bank of Hagerstown a certain sum of money, this account standing in his name. He had a widowed sister, Mrs. Mary C. Myers, the appellant, who lived with him. Some time before his death he signed an order to his bank by making his mark thereto, which order was delivered to the bank at his request, and was as follows: "I want my sister (Mrs. Mary C. Myers) as joint owner to my saving account." The bank, upon receiving the order, changed the account from the name of "Albert Rummel" to "Albert Rummel, in trust for himself and Mary C. Myers,

joint owners, subject to the order of either, the balance at the death of either to belong to the survivor." The bank book containing the change as above indicated was read by Albert Rummel, and he accepted and approved the change as his own and as being in accordance with his intention. After his death, another sister, Harriet M. Gordon, the appellee, was duly appointed and qualified as administratrix with the will annexed of Albert Rummel, deceased. The appellee claimed that the change in the deposit in the Nicodemus National Bank from the name of Albert Rummel to himself as trustee for himself and the appellant Mary C. Myers, as joint owners, payable to the order of either or the survivor, was invalid and void, because of mental incapacity of Albert Rummel at the time of the change, and also at the time it was alleged he ratified and accepted the change as his own act, and that by reason of this invalidity the money in the bank belonged to the estate of Albert Rummel, which she, as administratrix, was entitled to receive, administer, and distribute according to law. This claim was denied by the appellant, whereupon the appellee brought suit on February 11th, 1932, in the Circuit Court for Washington County, to recover the sum of money deposited in the bank as hereinbefore set forth. The defendants in this action were the Nicodemus National Bank of Hagerstown and Mary C. Myers. The case came to trial, and, after all the evidence offered by both sides was concluded, and during the argument to the court on the prayers, the plaintiff *non prossed* her suit as to Mary C. Myers, and proceeded against the bank alone. Up to this point the suit had been defended by Mary C. Myers and her attorneys, which said attorneys, after the dismissal of Mary C. Myers as a party defendant, concluded the defense on the part of the bank. The verdict of the jury was for the defendant, upon which judgment was entered by the court. The record fails to disclose any appeal from this judgment or motion for new trial. On September 2nd, 1932, suit was again instituted by the appellee, the plaintiff in the former suit, in the Circuit Court for Washington County against Mary C. Myers alone. It was tried before a jury,

and resulted in a failure of the jury to agree, and they were discharged on December 14th, 1932.

On March 30th, 1933, the case was removed to Allegany County for trial, which resulted in a verdict and judgment for the appellee in the sum of $2,450. In the trial in Allegany County, the case proceeded upon the pleadings as shown by the record removed to that court. The defendant's third plea had been filed, and the demurrer of the plaintiff thereto interposed and sustained by the Circuit Court for Washington County. The declaration contained the common counts in assumpsit, and upon demand the following bill of particulars was filed by the plaintiff: "This suit is brought to recover the sum of $2,450.00 which was to the credit of Albert Rummel, deceased, in the Nicodemus National Bank of Hagerstown, in his lifetime, and which was paid by the said Nicodemus National Bank of Hagerstown to the defendant by reason of her falsely and fraudulently representing to the said Nicodemus National Bank that the said Albert Rummel, in his lifetime, did authorize the said bank to pay to her, the said Mary C. Myers, the said sum of $2,450.00, and which the defendant has retained by reason of false and fraudulent representations that Albert Rummel, in his lifetime, ratified and affirmed the said payment of the said sum by the said bank to the said defendant." The plea of *res adjudicata* states: "That on or about the 11th day of February, 1932, the case of Harriett M. Gordon, Administratrix with the will annexed of Albert Rummel, deceased, plaintiff, versus the Nicodemus National Bank of Hagerstown, a corporation, and Mary C. Myers, defendants, being No. 229 Trials, February Term, 1932, as shown on the docket of the Circuit Court for Washington County, was tried before a jury in said court and a verdict rendered and a judgment entered in favor of the said defendant, the Nicodemus National Bank of Hagerstown, the said case against the said Mary C. Myers having been *non prossed* at the conclusion of the taking of all of the testimony in said case; that the said case was tried on its merits and the said verdict was ren-

dered and the said judgment was entered on the same cause of action mentioned in the plaintiff's declaration and bill of particulars filed in this case; that the issue in both cases is the same; that in reaching the verdict in the former case it was necessary for the jury to conclude that Albert Rummel, late of Washington County, Maryland, had in his life time a sum of money on deposit at the Nicodemus National Bank of Hagerstown in the name of himself; that before the death of the said Albert Rummel he signed the order which was offered in evidence and marked Exhibit 6, by making his mark thereto, which said order was delivered to said bank at his request and reads as follows: 'I want my sister (Mrs. Mary C. Myers) as joint owner to my savings account'; and that the said bank then changed said account from the name of 'Albert Rummel' to 'Albert Rummel, in trust for himself and Mary C. Myers, joint owners, subject to the order of either, the balance at the death of either to belong to the survivor'; that Albert Rummel read in the bank book, offered in evidence, the exact manner in which said account was changed and accepted and approved said change as his own and as being in accordance with his intention; that it was necessary for the jury further to conclude that the said Albert Rummel was of sound and disposing mind and capable of making a valid deed or contract at the time he signed the above mentioned order, and also at the time he accepted and approved the said change of said bank account, as aforesaid; that at the time said verdict was rendered and said judgment was entered there was a substantial balance still on deposit in the aforesaid account."

The question of what are the requisites necessary to be shown in order that a prior judgment become a complete bar to subsequent suits has been the subject of many decisions of this court. An examination of the cases discloses that the general rule is now settled that, in order to be a bar, the court must be a competent court, having jurisdiction of the parties and the subject-matter, that the issue passed upon and decided must have been the same, or the point of the

claim or defense must have been capable of being made by the parties, that a final judgment must have been rendered determining the point at issue, and the parties must be the same. The public policy to which effect is given by the rule, and the reason therefor, is that it is for the public good that there be an end of litigation. *Cecil v. Cecil,* 19 Md. 72.

In the case now before us the question is not so broad, the objection to the sufficiency of the plea of *res adjudicata* being solely on the point that the second suit was against a different party than the first. It is conceded that, if Mrs. Myers had remained a party in the first suit up until the time of the rendition of the verdict and the entering of a judgment in her favor, the plaintiff in that suit would have been precluded and estopped to bring a subsequent suit against her on the same cause of action. But it is strenuously contended that, because the suit was *non prossed* as to Mrs. Myers before the verdict and judgment in that case, it cannot operate as an estoppel in the case now before us. There can be no doubt that the general rule, as stated, is that the suit must have been against the same parties; but logically, to give force and effect to the rule, it must be based upon substance and not form. In *McKinzie v. Balto. & O. R. Co.,* 28 Md. 161, it is said: "A judgment, to operate as an estoppel, must be upon the same subject matter and between the same parties. The term 'parties,' however, is not restricted to those who appear as plaintiff and defendant upon the record. It includes those who are directly interested in the subject matter of the suit, knew of its pendency, and had the right to control, and direct, or defend it." Again, in *Parr v. State,* 71 Md. 220, 17 A. 1020, 1022, Judge Alvey, speaking for the court, said: "It is certainly true, as a general rule, that no one can be conclusively bound by a judgment or decree unless he be a party to the suit, or be in privity with the party, or possesses the power of making himself a party; but it does not require a person to become a technical party of record in order to be bound and concluded by the result of the suit. *State, use Charlotte Hall School*

*v. Greenwell,* 4 G. & J. 407, 415. If he be interested in the subject-matter of the suit as were the present defendants in the equity suit, and does in fact appear and exercise the right of participating in the defense, as if he were a technical party upon record, he cannot afterwards be heard to contend that he is not bound and concluded by the judgment or decree to the same extent that he would have been if made a technical party to the proceeding. The law requires that there should be an end of litigation, and, where a party has had a full and fair opportunity presented of making all the defenses at his command to an asserted right or claim, it is quite immaterial that he has elected to appear and defend in the name of another, who is a party of record, rather than cause himself to be made a co-defendant in the proceeding." See, also, *State, use of Bruner, v. Ramsburg,* 43 Md. 325; *Kolb v. Swann,* 68 Md. 516, 13 A. 379; *Western Telegraph Co. v. Railroad Co.,* 69 Md. 211, 14 A. 531.

The single issue tried and determined in the previous suit, and in the case now before us, was, and is: "Who is entitled, after the death of Albert Rummel, to the deposit in the bank? It is positive that only one of two parties could be entitled; that is to say, either it is the property of the appellant or it constitutes a portion of the estate of Albert Rummel, which estate is represented by the appellee. The purpose of the first suit was to establish ownership of the fund by the administrator, and to do so she brought suit against the appellant, and joined the bank as party defendant because it was the custodian of the fund. The bank had no interest in the fund, and made no claim to it. The real and only issue was, Who, as between two (namely, the representative of the deceased's estate, and Mary C. Myers), was thus entitled? This question must be determined by first ascertaining and deciding whether there was a transfer by Albert Rummel in his lifetime from himself to the joint account. There can be no doubt that this transfer was made; and the question finally was, Was it validly done? That is to say, was it done by Albert Rummel at a time when he was capable of executing a valid deed or contract? Just as cer-

tainly as this was the issue, and the evidence necessary to decide it in the former case, so it is the single issue to be decided upon the same evidence in the latter case. The appellant here was the real defendant, the party in interest, the party who conducted the defense throughout the first case. She was technically a party up until the production of all the evidence and the submission of the prayers, and was the substantial and real party to the close of that case, even though the defense, from the time of the *non pros.* as to her, was conducted by her, but in the name of the remaining technical party of record, the bank, which, as stated, had no interest in, and made no claim to, the fund in controversy. The verdict and judgment was for the bank, the then sole nominal defendant. After the time for appeal had expired, the bank paid the money to Mary C. Myers. Now the second suit is brought against Mary C. Myers to determine identically the same issue, on evidence to the same point. It is contended that the first case simply decided that, as against the bank, the appellee was not entitled to the fund; but the bank made no claim to the fund, the claimant in that suit being, as in this, Mary C. Myers. There being only two parties who could have title to the fund, and the appellee undertaking to assert her title, and failing, it is uncontrovertible that the decision is equivalent to holding that Mary C. Myers was entitled to it, especially under the circumstances of this case, where it is shown that she defended the former suit throughout, upon the same grounds which she offered in defense of the present suit, and this is shown conclusively by a prayer offered by the defendant in the previous suit, that defendant being nominally the bank, but, as we hold, really being the appellant here, which prayer was granted by the court, as follows:

"The defendant prays the Court to instruct the jury that if they find from the evidence in this case that Albert Rummel, late of Washington County, deceased, had in his life time a sum of money on deposit at the Nicodemus National Bank of Hagerstown in the name of himself; and if they further find that before the death of the said Albert Rummel

he signed the order which was offered in evidence and marked Exhibit 6, by making his mark thereto, if the jury so find, and that said order was delivered to said bank and that said bank then changed said account from the name of 'Albert Rummel' to 'Albert Rummel, in trust for himself and Mary C. Myers, joint owners, subject to the order of either, the balance at the death of either to belong to the survivor'; and if the jury further find that the said Albert Rummel read in the bank book offered in evidence the exact manner in which said account was changed and accepted and approved said change as his own and as being in accordance with his intentions; then the verdict of the jury must be for the defendant; provided the jury further find that the said Albert Rummel was of sound and disposing mind and capable of making a valid deed or contract at the time he signed the above mentioned order, if the jury so find, and also at the time he accepted and approved the said change of said bank account, as aforesaid, if the jury so find."

The jury found the facts which they were required to find in that prayer, and brought in a verdict for the defendant. In order to render such verdict, the jury had to find, as they did, that Albert Rummel, deceased, was at the time of the transfer from his own account to the joint account of sound mind and capable of executing a valid deed or contract, and that he was shown the bank book containing the result of compliance with his previous order, and ratified that as being in accord with his intention and purpose. Having found these facts, they were bound to find that the plaintiff in that suit, the appellee here, was not entitled to the fund. That finding left only one person who could, by any possibility, be entitled to it; namely, the appellant. The jury in Allegany County, in the case now before us, rendered a verdict in favor of the plaintiff, directly contrary and opposite to the finding of the Washington County jury, on identically the same issue of fact claimed by the plaintiff and denied by the defendant.

Our conclusion is that, under all of the circumstances of this case, the defendant's third plea of *res adjudicata* was a

bar to the further prosecution of the suit, and the court erred in sustaining a demurrer thereto. As stated, there are many decisions of this court presenting a great variety of circumstances under which pleas of estoppel or *res adjudicata* have been either sustained or denied; but, after a careful examination of them, we find nothing in conflict with the decision here reached. We think the question presented and decided in the first case is identical with a case wherein the single question to be determined by the jury was whether an act was committed in the daytime or nighttime. If their decision be that it was not committed in the daytime, it can amount to nothing less than a decision that it was committed in the nighttime. If that be true, it follows that, the issue in the first case being whether the money in bank belonged to the estate of Albert Rummel or to Mary C. Myers, they being the only possible persons entitled, the verdict of the jury and judgment, upon the suit of the administrator, that it was not the property of the estate, is equivalent to and has the legal effect of deciding that it is the property of Mary C. Myers. Especially is this true when it is uncontradicted that Mary C. Myers was for the greater part of the trial, in name as well as in fact, a defendant, and conducted the defense to the termination of the case in favor of the bank, which, as before stated, made no claim to, and had no interest in, the fund, and cared not at all to which one of the real claimants it was decided that it, the bank, should pay the fund. After the termination of the case, the fund was paid by the bank to Mrs. Myers, because, and only because, the verdict and judgment had determined that the administratrix of Albert Rummel, deceased, was not entitled thereto. In view of what is herein said, the case must be reversed, without a new trial.

*Judgment reversed, without a new trial, with costs to the appellant.*