## John B. Cook vs. Isaac W. Webb.

### April 10, 1875.

Action for mesne profits, by ousted Tenant in Common against Co-tenant, after Partition.—One of two equal tenants in common, who has been ousted by the other, may, after obtaining judgment for partition, and for the possession of the half of the premises set off to him in severalty, recover from his co-tenant the value of the use and occupation of his undivided half of the premises, for the period that such co-tenant has occupied the entire premises and has excluded him therefrom; the action being in the nature of the common law action of trespass for mesne profits.

Appeal by defendant from an order of the district court for Ramsey county, *Wilkin*, J., presiding, refusing a new trial.

*Morris Lamprey*, for appellant.

*Geo. L. Otis*, for respondent.

Berry, J. The premises to which this controversy relates, are a strip of land in St. Paul, on Third street, opposite the Merchants' Hotel, 64 feet front, by 100 feet in depth. On February 3, 1866, William A. Bloodgood and Stephen Champlin, being owners of the premises, leased the same for a term to expire April 1, 1871, to the plaintiff and defendant, who were partners as Cook & Webb in a livery business carried on by them in a stone barn standing on the premises, and of which barn they were the owners, having erected the same under a previous lease of the premises from Bloodgood and Champlin, which expired on said February 3, 1866. In October, 1866, the plaintiff Cook and Stephen R. Champlin purchased the premises, as equal tenants in common, subject to the lease last mentioned, the firm of Cook & Webb attorning to them as tenants. On February 18, 1870, Cook & Webb dissolved partnership, Webb taking the lease and barn, and continuing the business at the old stand. On October 31, 1870, Webb procured from the heirs of Stephen R. Champlin a lease of the undivided half of the premises, for a term of five years from April 1, 1871. At the expiration of the lease of Feb-

ruary 3, 1866, on April 1, 1871, Webb refused to let Cook into the use and enjoyment of his undivided half of the premises, but continued to hold and occupy the whole premises to his own use, excluding Cook therefrom. In justification of his occupation of Cook's undivided half, and of his exclusion of Cook from its use and enjoyment, Webb claimed that Cook had agreed to lease the same to him for five years, from April 1, 1871, provided the heirs of Stephen R. Champlin would lease their half to him, (Webb,) and upon the same terms.

Under this state of facts, Cook, on January 31, 1871, brought suit for partition of the premises, making the heirs of Stephen R. Champlin, Webb, and others, defendants. Webb answered, setting up the alleged agreement between Cook and himself for a lease of Cook's undivided interest, and asking that the same be specifically enforced. The issue as to this alleged agreement was found against Webb, and judgment ordering partition was rendered February 28, 1872. This judgment was, upon appeal to this court, affirmed, May 3, 1873, and such further proceedings were had that, on June 14, 1873, final judgment of partition was rendered, setting off to Cook his portion of the premises in severalty, and to the heirs of Stephen R. Champlin their portion in severalty, and adjudging to Cook possession of his portion so set off to him.

The present action is brought by Cook to recover of Webb the value of the use and occupation of Cook's undivided half of the premises, from April 1, 1871, to June 14, 1873.

We are of opinion that the action can be sustained as an action in the nature of the common law action of trespass for mesne profits. The effect of the judgment in the partition suit was to determine, as against Webb, that at the expiration of the lease of February 3, 1866, to wit, on April 1, 1871, Cook was entitled to the possession, use and occupation of an undivided half of the premises. In the common law action of ejectment, the judgment had the

effect, by relation, of determining that the person found to be owner of the land had possession at the time when he acquired his title, and upon this theory his action of trespass for mesne profits was sustained.   *Leland* v. *Tousey*, 6 Hill, 328 ; *Hill* v. *Meyers*, 46 Penn. St. 15 ; Taylor's Land. & Ten. § 710.   There is no reason why this rule should not be held applicable, by analogy, to the partition suit in this case, as respects the defendant Webb ; and it would follow that the defence which he set up against the plaintiff in that suit having been negatived by the finding of the court, the judgment had the effect, by relation, to determine that (for the purpose of maintaining an action for mesne profits, at least,) Cook was in possession of his undivided half of the premises on April 1, 1871, the time when Webb's tenancy of that undivided half expired.   Cook being, then, in contemplation of law, in possession of his undivided half on April 1, 1871, and Webb being in possession of the other undivided half, under his lease from Champlin's heirs, Cook and Webb were co-tenants.   *Badger* v. *Holmes*, 6 Gray, 118. Webb, without right, appropriated the entire premises to his own use, excluding Cook from any participation in the use and enjoyment of the common property, against Cook's will.   Webb thus evinced his election and determination to hold the premises by wrong, rather than under the common title.   This was, in effect, an ouster of Cook, and a deprivation of the possession which he held in legal contemplation.   1 Washb. R. P. 418, and authorities cited ; *Owen* v. *Morton*, 24 Cal. 373 ; *Small* v. *Clifford*, 38 Me. 213.

Under such circumstances, ejectment would have lain in favor of Cook against Webb, notwithstanding their co-tenancy, and in that action, or subsequently in an action of trespass, he might have recovered for mesne profits.   *Goodtitle* v. *Tombs*, 3 Wils. 118, *per* Wilmot, C. J. ; *Bennet* v. *Bullock*, 35 Penn. St. 364.   There is no reason why the same rule should not apply, by analogy, to the partition suit in this instance, as respects Webb, and it would follow, as before remarked, that the plaintiff's action is well brought,

as an action in the nature of trespass for mesne profits. In such an action, he is entitled to recover the value of the use and occupation, at least. *Goodtitle* v. *Tombs*, 3 Wils. 118; Sedgwick on Dam. 123-126. This disposes of the principal question in the case.

We have considered the other points made by the defendant, and are of opinion that none of them are well taken. As to the objections made to the charge, inasmuch as the plaintiff was entitled to recover at least the value of the use and occupation of the premises, the defendant, being a wrongdoer, cannot complain of the instruction that the jury, in inquiring what that value was, were not confined to the question of the rental value for a term of the precise length of the time during which the premises were occupied by the defendant, after the expiration of the lease on April 1, 1871, but they must give a verdict for the rental value of the property, generally, for the time so occupied. Neither could the defendant complain of the instruction, that it was proper for them to determine the rental value of the whole premises, and to give one-half of that, as the amount plaintiff is entitled to recover.

Order denying new trial affirmed.