WILLIAM C. NASH *vs.* JAMES E. SULLIVAN.

June 12, 1884.

32   189
58   117
32   189
82   533

Adverse Possession—Damages for Withholding Real Property—Improvements.—The damages for withholding real property, which the lawful owner is entitled to recover from the disseizor, is the fair value of the property, exclusive of the use of improvements made by the defendant, for a period not exceeding six years. Gen. St. 1878, c. 75, § 13. This is so whether he seeks to recover them in the action brought to recover the property, or elects to bring a subsequent action for them.

Same — Action by Disseizee for Value of Crops.—A disseizee cannot maintain an action against a disseizor to recover the value of crops sowed and harvested by the latter while in the actual adverse possession of the premises, and removed therefrom before the disseizee recovered possession.

After the decision in *Nash* v. *Sullivan*, 29 Minn. 206, final judgment in ejectment was entered in favor of plaintiff in that action, and thereupon he brought this action in the district court for Polk county, to recover the value of the wheat raised by defendant during the years 1880 and 1881 upon the land involved in the former action. The action was tried, without a jury, by *Stearns*, J., who found that the defendant went into possession of the land in 1876, for the purpose of holding it under the United States homestead laws; that in 1879, the plaintiff became the equitable owner of the premises, and in April, 1880, duly notified the defendant and demanded possession; and that the defendant continued in possession of and cropped the land during the years 1880 and 1881, and until evicted in June, 1882, raising and converting to his own use large quantities of wheat. As a conclusion of law, the court found plaintiff to be entitled to nominal damages, and ordered judgment accordingly. Plaintiff appeals from an order refusing a new trial.

*Seagrave Smith*, for appellant.

*R. Reynolds*, for respondent.

MITCHELL, J.   Upon the facts found by the court there can be no doubt but that the defendant was not a mere casual trespasser, but a disseizor, in the actual, exclusive, adverse possession of these premises from the time plaintiff's title accrued, in October, 1879, until he was ejected by plaintiff, in June, 1882.   The plaintiff now brings this suit to recover the value of the grain which defendant sowed, cultivated, and harvested on the premises during the years 1880 and 1881, with his own labor and at his own expense, and removed from the premises before his eviction.   Plaintiff has totally mistaken his rights. His remedy is what was formerly called an action for "mesne profits." Mesne profits are the profits or other pecuniary benefits which one who dispossesses the true owner receives between disseizin and the restoration of possession.   When ejectment proceedings were fictitious and the plaintiff merely nominal, the damages recoverable in an action of ejectment were merely nominal, and the plaintiff was compelled to resort to a subsequent action to recover the mesne profits. Now, by statute, this claim may be treated as a part of the original cause of action, and recovered in the ejectment suit as damages for withholding the possession of the premises.   The general principle on which these damages are allowed is that the plaintiff is entitled to recover all damages fairly resulting from his having been wrongfully kept out of possession.   Compensation is the measure of damages. Hence, on principle and according to the weight of authority, the amount of recovery for mesne profits is the annual value of the premises wrongfully withheld from the time plaintiff's title accrued.   Whatever question there might formerly have been about this, there can be none now under our statute, which declares that "damages for withholding the property recovered shall not exceed *the fair value of the property*, exclusive of the use of the improvements made by defendant, for a period not exceeding six years."   Gen. St. 1878, c. 75, § 13.   This provision is general in its terms, and it is immaterial whether the defendant was or was not holding under color of title in good faith.   If he was, a further provision allows him to offset his improvements against plaintiff's claim for damages.   It can make no

difference in the measure of damages whether the plaintiff seeks to recover them in the action for the recovery of the possession of the property, or elects to bring a subsequent action for them. In this case there was no allegation in the complaint, nor evidence offered at the trial, as to what the value of the use of these premises was. Therefore, plaintiff was not entitled to recover; at least, not more than nominal damages, which was what the court below allowed him.

Order affirmed.