VILLAGE OF WAYZATA *vs.* GREAT NORTHERN RAILWAY COMPANY.

July 7, 1891.

| 46 | 505 |
| 82 | 534 |

Trespass—Estoppel.—One who without right and by trespass enters and occupies the land of another cannot claim, by reason of anything he may do upon it, and the owner's delay (short of the time limited by statute) to oust him, that the owner is estopped to seek any appropriate legal or equitable remedy in respect to it.

Same—Adverse Possession.—Facts found *held* not sufficient to sustain the defence of adverse possession.

Dedication — Defective Town-Plat — Oral Declarations of Signers.— Where a defective town-plat is given in evidence to show a common-law dedication of a street, oral declarations of the parties who signed it as to what they intended to offer by it to the public are inadmissible. What was intended by it must be determined from the plat alone.

Action brought in August, 1890, in the district court for Hennepin county, to restrain the defendant from maintaining and operating its railway along Lake street, in the village, and from maintaining a passenger station, water-tank, and other buildings which occupied part of the street just west of its intersection with a street called

"Broadway." Trial before *Young, J.*, who ordered judgment, denying the relief asked as to buildings occupied by defendant, its lessor, the St. Paul, Minneapolis & Manitoba Ry. Co., and by the latter's predecessor and grantor, the First Division of the St. Paul & Pacific Railroad Co., ever since their erection by the latter company in 1867. A new trial was refused, and the plaintiff appealed. The declarations of Walker, one of the persons who platted the town-site of Wayzata, in 1855, were offered to be proved at the trial, to show the extent and purpose of the dedication of that part of Lake street which appears on the plat to border on Lake Minnetonka. The offer was rejected, the plaintiff excepting.

*Rea, Miller & Torrance*, for appellant.

*Benton & Roberts*, for respondent.

GILFILLAN, C. J.    The decision of this case by the court below cannot be sustained on the ground upon which the court seems to have based it,—that of equitable estoppel.    So far as the findings show, the defendant's predecessor, in 1867, without any right, but as a mere trespasser, entered upon Lake street, and erected some of its buildings upon it, which have ever since there remained, and been used and occupied by defendant's predecessors and defendant.    It is not found that the company ever claimed to have acquired a right to occupy any part of Lake street with its buildings; and the plaintiff never had any reason to suppose that the company claimed to be occupying the street by right, any further than the mere fact of occupancy would furnish such reason.    One who enters upon and possesses land of another without right—a mere trespasser, and knowing that he is such—cannot, no matter to what use he may put it, nor how much he may improve or expend upon it, claim that the owner is estopped, by mere delay in ousting him, to seek any remedy, legal or equitable, appropriate to the case.    In such case, so long as the latter remains the owner, such remedies are open to him, unless barred by statute.    Whatever the trespasser does on the land he does at his own risk, and, if he does what makes it inconvenient for him to have the appropriate remedies enforced, he and not the owner must suffer the inconvenience.    He has brought it on himself.    We will not consider what case will justify denial of an equitable remedy because of

the owner's acquiescence and delay in seeking it, for the facts found do not make this any such case.

While there are facts found looking towards the defence of adverse possession as to some of the land claimed by plaintiff to constitute Lake street, there are not enough facts found to sustain that defence. Mere possession by a trespasser, even though continuous and however long continued, is not enough to constitute adverse possession. The holding must be hostile to the lawful title,—with intent to claim and hold the land as against that title. In this case there is no finding of such holding. The deed of 1869, from Hemiup to the company, is suggestive that there was a holding under it, of part of what plaintiff claims to be Lake street, but there is no finding that the company claimed the right to hold, and did hold, any of the land in dispute under that deed.

Evidence of the declarations of Walker was rightly excluded. Whether they were made before or after the plat, (which is conceded to have been defective,) they were evidently offered in explanation of it; if before it was made, as declarations of what it would contain; if after, of what it did contain, in the way of an offer to the public. The plat, like any writing, speaks for itself, and what was intended by it must be determined from it alone.

Order reversed.