OF THE

## STATE OF MISSOURI

AT THE

### APRIL TERM, 1898.

*(Continued from Volume 143.)*

BATES *et al.* v. HAMILTON, *Appellant.*

Division One, April 20, 1898.

1. **Practice**: FORMER ADJUDICATIONS: DEMURRER TO DEFENSES. Where a suit to have a judgment set aside on the ground that it was based on a forged deed has been decided adversely to the defendant, it is not error to sustain a demurrer in a collateral proceeding, to a defense pleading the same forged deed.

2. **Judgment**: FRAUD. Before a judgment can be set aside on the ground of fraud it must be made to appear that the fraud was practiced in the very act of obtaining it. The fact that the judgment was founded on a deed which was afterward discovered to be a forgery, is not sufficient, unless that defense was prevented by fraud at the trial which resulted in the judgment.

3. **Cotenancy**: USE: RENTS. One cotenant can not recover from another rent or compensation for the use by him of the common property. But where neither occupies the property for his own use, and one rents it, or any part of it, to third persons and collects the rents, or where he denies the right of the other to a part thereof, the other is entitled to his share of the rent.

| | |
|---|---|
| 144 | 1 |
| 148 | 59 |
| 149 | 80 |
| 150 | 646 |
| 144 | 1 |
| 159 | 642 |
| 144 | 1 |
| 162 | 554 |
| 163 | 196 |
| 89a | 478 |
| 144 | 1 |
| 167 | 339 |
| 144 | 1 |
| p169 | 67 |
| 144 | 1 |
| 99a | 4595 |

Bates v. Hamilton.

4. ——: ——: ——: PARTITION: ACCOUNTING. And an accounting for rents among the cotenants may be had in a suit in partition, if there is anything due at the time that suit is begun and such relief is asked at that time. 'But if not, a suit in equity for such an accounting will lie after the termination of such partition suit.

5. ——: RENTS: COTENANT AS TRUSTEE: REMEDY. When one tenant in common collects rents from the common property he becomes a trustee, for the benefit of all his cotenants, of the entire amount collected by him, in the proportion of their respective interests. Their right to the rents, issues and profits does not depend on any express contract with him, but attaches as an incident to their ownership of the property. If he denies the right of the others to share in the rents, their remedy is a proceeding in equity for an accounting.

6. ——: RENTS: INTEREST. Where a tenant in common collects rents belonging to his cotenants and refuses to pay them over to them for a long time after they are due, he is liable for interest thereon from the date he collected them, although he has made none himself.

7. ——: TRUSTEE: CARE IN MANAGING PROPERTY. A trustee (a cotenant) is not liable for losses to the trust fund, if he acts in good faith, and exercises such care as a man of ordinary prudence would exercise in the management of his own affairs.

8. ——: ——: ——: EVIDENCE OMITTED FROM BILL: APPELLATE PRACTICE. And where the evidence of the waste sought to be charged against the trustee is omitted from the abstract, this court will presume the trustee acted with proper prudence and care.

9. ——: DEATH OF COTENANT: TAXES. On the death of one of two cotenants, it is the duty of the other to pay the taxes for the current year against their common property, and it is the duty of the probate court to allow him credit for one half the amount against the estate of the deceased.

*Appeal from Buchanan Circuit Court.*—HON. A. M. WOODSON, Judge.

AFFIRMED.

*James F. Pitt* for appellant.

(1) That the deed was a forgery and the partition decree obtained by fraud was a good defense, and defendant was entitled to it under the general denial.

Defendant was in court by their fraud, not by their summons. The fraud was practiced first upon defendant, then upon the court, because they concealed the fact that they had deceived defendant. *Dunn v. Miller*, 96 Mo. 324; *Lazarus v. McGuirk*, 8 So. Rep. 253; *Ellis v. Kelly*, 8 Bush. 621. (2) In this State tenants in common, independent of a proceeding for partition, can not sue for an accounting. In this respect their relations are entirely analagous to those which spring from a commercial partnership. 1 Chitty's Plead. [9 Ed.] 39; Freeman on Cotenancy [2 Ed.], sec. 285. The remedy by an action of account at one time had in this State under the statute, Revised Statutes 1845, chapter 1, section 1, no longer exists. That statute being repealed the matter was left as at common law, which affords no remedy. Sole perception has always been allowed, whether in the form of occupancy or receipt of rents. There was never a distinction, except as made by that statute, and it was early held that it did not apply to occupancy. *Henderson v. Eason*, 9 E. L. and E. 387; Freeman on Cotenancy [2 Ed.], sec. 275; *Ragan v. McCoy*, 29 Mo. 356. (3) Here with the exception of a single month, the rents all accrued pending the partition, and they must always accrue pending the suit in cases of this character, but plaintiffs let them go, and by doing so not only subject defendant to a second suit, but subject him to a judgment which is a lien not only against this property, but against his estate generally. *Spitts v. Wells*, 18 Mo. 468; *Holloway v. Holloway*, 97 Mo. 628; *In re Tyler*, 40 Mo. App. 386; Freeman on Cotenancy, sec. 505; *Beck v. Kallmeyer*, 42 Mo. App. 569; *Pico v. Columbet*, 73 Am. Dec. 550; *Bobb v. Graham*, 89 Mo. 207. (4) In general a demand is necessary to the starting of interest. A party may know that his account will not be paid, either because disputed or from financial inability, but

this does not alter the matter.   In every case he must make a demand, which in legal effect gives notice of an interest charge from that time out.   The petition recognizes this law and alleges a demand, but the court charges defendant with interest for nearly six years prior to that date.   *Compton v. Johnson*, 19 Mo. App. 88.   (5)   The judgment is clearly excessive to the extent that it charges defendant $900 and interest on account of certain paving bills.   These bills were held to be invalid upon defendant's contest.   They were paid by plaintiffs with full knowledge of this contest and without even a request for authority.   Freeman on Cotenancy, sec. 263.   (6) The court erred in calling and disposing of the case on the first day of the term without notice to defendant, when the same was regularly set for the ninth day.   Defendant had a right to know the disposition made of his several objections submitted at the previous term, and to have his motion to set aside the interlocutory order for an accounting passed upon before the entry of final judgment.   (7) Defendant's motion for new trial should have been sustained. He should have been allowed at least a credit in the sum of $873.12 and interest on account of a tax receipt found, after the adjournment of the term at which his account was submitted, to have been by mistake left among papers in the probate court; especially so since plaintiffs had knowledge at the time of taking the final judgment that this receipt had been overlooked, and that defendant intended to ask for such a credit.

*M. A. Reed* and *B. R. Vineyard* for respondents.

(1)   The petition in the suit in partition asked for no accounting.   No issue as to rents was presented. It is a general rule of practice that a party to a bill in equity is estopped by the decree only as to matters put

Bates v. Hamilton.

in issue in the pleadings and settled by the decree.
Herman on Estop. and Res Adj., sec. 407–408; *Caldwell
v. White*, 77 Mo. 473; *Case v. Graten*, 33 Mo. App.
606; *Louis v. Brown*, 109 U. S. 167; *Cromwell v. Sac.
Co.*, 94 U. S. 351; *Hotel Ass'n v. Parker*, 58 Mo. 329;
*Fishburn v. Ferguson*, 85 Va. 321; *Mason v. Somers*,
24 Mo. App. 182; *Glasner v. Weisberg*, 43 Mo. App.
221; *Dickey v. Heim*, 48 Mo. App. 118; *Drake v.
Crane*, 127 Mo. 108; *Hickerson v. Mexico*, 58 Mo. 65.
(2) The defendant did not occupy the lands himself.
The rents sued for herein were all collected from third
persons, to whom the property was rented. Under such
circumstances the collecting cotenant is liable to account
to the other cotenants for their proper share. *In re
Tyler*, 40 Mo. App. 384; *Pope v. Hawkins*, 16 Ala. 324;
*Barnum v. Landon*, 25 Conn. 152; *Huff v. McDonald*,
22 Ga. 161; *Crow v. Mark*, 52 Ill. 332; *Scantlin v. Alli-
son*, 42 Kan. 276; *Bridgeford v. Barbour*, 80 Ky. 529;
*Buck v. Spofford*, 31 Me. 34; *Gowen v. Shaw*, 40 Me.
56. (3) And an equitable action for an accounting,
as to rents so collected from third parties, may be
maintained after partition. *Cook v. Webb*, 21 Minn.
428. (4) Our proof was that about the middle of
September Mrs. Bates and Mrs. McLean, through their
authorized agent, demanded of this defendant the pay-
ment of the month's rent due since the death of John,
and that in the future the defendant should settle
monthly for any rents he should collect, as he had
done with his brother John. (5) This would justify
the allowance of interest, even under counsel's view,
that there should be a demand. But we also rest our
claim for interest upon this principle—that where a
party has received money of another, and has not the
right conscientiously to retain it, the law allows inter-
est for such wrongful withholding. 11 Am. and Eng.
Ency. Law, 497; *Greenly v. Hopkins*, 10 Wend. 96;

*Hazzard v. Duke*, 64 Ind. 220; *Mason v. White*, 17 Mass. 560; *Rapelie v. Emory*, 1 Dall. (Pa.) 349; *Abbott v. Wilmot*, 22 Vt. 437; *Close v. Fields*, 13 Tex. 623. (6) No demand was necessary, because the appellant, Hamilton, both in his original petition in partition, and in the reply therein, as well as in his answer in this suit, denied that the plaintiffs had any interest whatever in the property out of which the rents grew, and claimed in this suit that the deed under which plaintiffs claimed was a forgery, and denied that any rents were due, and asked that the partition decree fixing the interest of the parties be set aside. The denial by one party of the right of the opposing party does away with the necessity of a demand, even where it would otherwise have been necessary. *Ayer v. Ayer*, 33 Mass. 327; *Aiken v. Smith*, 21 Vt. 172. (7) The allegations in the petition in this case are tantamount to charging a conversion by defendant of the rents, and in such case no demand is necessary to be made or alleged. *Battel v. Crawford*, 59 Mo. 217; *Bank v. Morris*, 114 Mo. 255; *Knipper v. Blumenthal*, 107 Mo. 665; *White & Co. v. Betting*, 46 Mo. App. 417; *Bank v. Metcalf*, 40 Mo. App. 502; *Glenn v. Cocker*, 16 Md. 446. (8) Hamilton on the witness stand admitted that all the rent money be collected he deposited in his own name, and deposited it together with all his other money, and in the same way. This, of course, enabled him to, as he did, use this rent money just as he did his own, and prevented the ascertainment in a distinct or accurate way of the extent of benefits and profits he may have realized therefrom. This conduct alone on the part of Hamilton, independent of his denial of the rights of plaintiffs, amounted to a conversion of the money toh is own use, and it drew interest from the date of the conversion without demand. *Bobb v. Bobb*, 89 Mo. 421; *Cruce v. Cruce*, 81 Mo. 685; *In re*

*Murdock*, 129 Mo. 499; *Mitchell v. Moore*, 95 U. S. 587; *Bond v. Lockwood*, 33 Ill. 212; 11 Am. and Ency. Law, 398–400; 27 Am. and Eng. Ency. of Law, 160–162. (9) But if trustees act in good faith, and under the advice of competent counsel, in paying off charges against the property in their custody, even though they be of doubtful legal validity, they will be given the benefit thereof in coming into an accounting. *Miller v. Pi octor*, 20 Ohio St. 442; *Perrine v. Vreeland*, 33 N. J. Eq. 107; *Fisk v. Brunette*, 30 Wis. 102; *Taylor v. Hite*, 61 Mo. 142; *Finley v. Schlueter*, 54 Mo. App. 455.

MARSHALL, J.—This is a suit in equity for an accounting, growing out of the following facts: Prior to July 29, 1889, defendant and his brother John L. Hamilton owned certain lands as tenants in common; on that date John executed and delivered to his nieces Isabel A. Bates and Susan J. McLean, a deed to his undivided share of the property, and on the second of August following he died. Up to the death of his brother, defendant collected the rents and paid over monthly to his brother one half thereof. On September 7, 1889, defendant commenced a suit for partition, and made his sister Eliza H. Armstrong and these plaintiffs, parties defendant. He alleged that the deed from his brother to these plaintiffs was procured by fraud and undue influence, asked that it be set aside, and the property partitioned between himself and his sister Mrs. Armstrong—three fourths to him and one fourth to her. The defendants in that case answered jointly, set up the deed to these plaintiffs and claimed that one half of the land belonged to these plaintiffs by virtue of said deed. The reply reiterated the claim of the petition. The circuit court ordered the deed canceled and made partition of the property as claimed in the petition, giving this defendant three fourths and

his sister, Mrs. Armstrong, one fourth. The defendants in that suit (the sister and nieces) appealed to this court. After this decree, to wit, on the first of March, 1891, this defendant notified Mrs. Armstrong that he would not collect the rents as to the one fourth set apart to her in partition, and these plaintiffs, with her consent collected them, but this defendant continued to collect the rents accruing from the three fourths allotted to him. On the fifth of March, 1894, this court reversed the judgment of the circuit court and remanded the case with directions to the lower court to enter a decree giving this defendant one half, and the other half to be allotted to these plaintiffs in equal parts. *Hamilton v. Armstrong*, 120 Mo. 597. At the January term, 1895, of the circuit court a decree was entered in conformity to the judgment of this court. On the twenty-fifth of February, 1895, this defendant instituted suit against these plaintiffs, asking to have the judgment in the partition suit set aside and vacated because it was obtained by fraud, in that it was based upon a forged deed from John L. Hamilton to them. On the thirtieth of March, 1895, this suit was begun. The facts above set out were stated in the petition (except the institution of the suit to vacate the decree in partition) and it was admitted that these plaintiffs had collected $12,851.85 from the one fourth of the property set apart to them in the original partition, and had expended for taxes, repairs, etc., $3,830.68, and averred the defendant had collected $75,000 from the three fourths of the property set apart to him in the original partition, had received $8,000 interest on the rents collected by him, had used the rent money in his own business and for his own purposes, deriving $8,000 interest therefrom, and that the use of said money was worth the legal rate of interest, and asked judgment for one half of the whole sum, less what they had

received from the rents arising out of the one fourth aforesaid, making $41,389.41, for which they asked judgment. The petition also prayed for an accounting which it was alleged the defendant refused to make.

The answer is in three parts: *first*, a general denial; *second*, that the decree in partition was obtained by fraud, in that the deed on which it was based was a forgery, which defendant did not discover until after the reversal of the judgment by this court of the original decree in partition, and an averment that as soon as it was discovered, and during the same term, he filed a motion in this court to have the judgment modified so as to permit him to avail himself of the defense of forgery in that case in the lower court, but that his application was denied by this court, and hence he prayed that the decree in partition be vacated because founded on a forged deed; and, *third*, the pendency of his suit to vacate the decree, which he alleged would settle every issue in this case. The plaintiffs demurred generally to the second and third defenses, and also specially because Mrs. Armstrong was a necessary party to the determination of that issue. The court sustained the demurrer. The trial then proceeded, and the defendant objected to the introduction of any evidence on the ground that the petition does not state facts sufficient to constitute a cause of action, that is, that one tenant in common can not, in our State, maintain an action against another for an accounting after a judgment in partition. The court overruled the objection and defendant duly excepted.

The allegations of the petition with respect to all the material averments, except the accounting proper, were admitted by the parties. The parties agreed upon nearly all the items of the account; those objected to will be referred to hereafter. The defendant under his general denial offered testimony to show

that the deed to the plaintiffs was a forgery. The court excluded the evidence and defendant excepted. At the close of the trial at the May term, 1895, the court entered a decree requiring the parties to state an account of all the rents and money received by them respectively, prior to January 28, 1895, and also of all taxes, repairs and other disbursements paid out prior to said date, arising out of the portion of the property in the possession of each, and directed that in the accounting interest at six per cent per annum should be charged on the net amount of rents received monthly by the respective parties, after deducting expenditures, the court finding that the property had been rented by the month. The court then took the case as submitted upon the evidence and proofs submitted, and continued the cause until the next term of the court. Within proper time defendant filed a motion for a new trial.

At the September term, 1895, the court entered a decree finding that the plaintiff had received from the property held by them, $8,260.67, after deducting expenditures, and that they should be charged with $1,134.13 interest, aggregating $9,394.80; and that the defendant had received from the property held by him $45,918.85, after deducting expenditures, and that he should be charged with $10,152.66 interest, aggregating $56,071.51, and adding the aggregate amounts each party had received the court found the total to be $65,466.31, divided it into two parts, of $32,733.15 each, deducted the $9,394.80 plaintiffs had received from the $32,733.15 allotted to them, and gave them judgment for the balance of $23,338.38.

The defendant filed a verified motion for new trial, alleging that the decree was entered on the first day of the September term, when defendant's counsel was in attendance upon another division of the court, not

anticipating a decision before the first Saturday of the term, and further setting up that since the hearing at the May term he had discovered that he had omitted to ask credit for $873.12 taxes paid by him for the year 1889, the oversight having occurred by reason of the fact that he had been allowed credit for one half of the amount by the probate court on his settlements as administrator of the estate of John L. Hamilton, and accompanied the motion with copies of his settlements as such administrator. The court overruled both motions for new trial, and defendant appealed.

I.   The first point relied on by defendant is the refusal of the circuit court to permit him, under the general denial, to introduce evidence that the judgment in partition was obtained by plaintiffs by fraud, in that, the deed from John L. Hamilton to these plaintiffs was a forgery.

The suit in equity instituted by the defendant against plaintiffs to have the decree in partition vacated and set aside, proceeded upon substantially the same lines followed by the answer in this case. The equity case resulted in a final judgment for the defendants therein, the plaintiffs herein, on demurrer, in the circuit court, the case was appealed to this court and the judgment of the lower court was affirmed. *Hamilton v. McLean*, 139 Mo. 678. In that case Burgess, J., in a very exhaustive and clear opinion pointed out that in order to set aside a judgment (even in a direct proceeding) alleged to have been obtained by fraud, "it must be made to appear that fraud was practiced in the very act of obtaining the judgment," and that "the fraud must be in the procurement of the judgment, and not merely in the cause of action on which the judgment is founded, and which could have been interposed as a defense, unless its interposition as a defense was prevented by the fraud of the adverse

party." We entirely agree with the reasoning employed and the conclusion reached in that case. There was no error in the action of the trial court in sustaining the demurrer to the second and third defenses set up in the answer in this case, nor in excluding testimony offered under the general denial to prove a state of facts which, when specially pleaded, had been adjudged insufficient. This is more especially true in this collateral proceeding.

II.   The second point urged by defendant is that the question of accounting should have been settled in the partition suit and that as no claim was made against the defendant in that case for rents collected by him, no suit can now be maintained against him on that account.

It is conceded that John L. Hamilton died on August 2, 1889; that this defendant began the partition suit on the seventh of September, 1889; that none of the parties having an interest in the joint property have been in possession of any part of the joint property using it for their own benefit, but that it has all been rented to tenants, and that the final judgment in the partition case was entered on the twenty-eighth of January, 1895. It appears from the evidence and the admissions of the parties that the defendant collected the rents from the whole property from the death of his brother (August 2, 1889) until the decree in partition by the circuit court (March 1, 1891), and thereafter until January 28, 1895, he collected the rents on three fourths and the plaintiffs on the one fourth of the property. It is therefore plain that the rents were (with perhaps the exception of the month of August, 1889) collected during the pendency and progress of the partition suit, and the greater part of it after the first decree in partition in the circuit court.

The theory of this defense is that the accounting

for rents was an incident to the partition suit and can not be made the basis of a separate action after the termination of that suit.

It is ordinarily true that one tenant in common can not recover from another, rent or compensation for the use by him of the common property. The property in contemplation of law is free to all, and each may enter and enjoy his rights, but where neither occupies the property for his own use and one rents it or any part of it to third persons and collects the rents, or where one, as in this case, denies the right of the other to a part thereof, and thereby *pro tanto* ousts the other, the rule is otherwise, and an accounting may be had in a suit for partition if there is anything due at the time that suit is begun and such relief is asked at that time, or a suit in equity for an accounting will lie after the termination of the partition suit. (*In re Tyler*, 40 Mo. App. *loc. cit.*, 384, and cases cited therein establishing the same doctrine in Alabama, Connecticut, Georgia, Illinois, Kansas, Kentucky, Maine, Massachusetts, New Jersey and Texas.) In *Cook v. Webb*, 21 Minn. 428, one tenant in common ousted the other, and after their respective rights were settled in a suit in partition, the ousted tenant sued for the value of the use and occupation of his undivided half of the premises during the period his cotenant occupied the whole premises, and the action was sustained upon the ground that it was in the nature of the common law action for *mesne* profits. This case differs only in form and degree from that.

If the rule was otherwise, there would be a failure of justice, and a tenant in common would be enabled to perpetrate a fraud upon his cotenant. This case fairly illustrates the results that would follow. Here nearly all the rents were collected pending the litigation, and the largest part after the first decree in parti-

tion and while the case was pending in this court upon appeal. The trial court could, if it had been asked, have only stated the account up to the date of its judgment. It could not have charged defendant for rents to accrue, for it could not have known how much would be collected, pending the appeal. Moreover, if the trial court had stated the account when it rendered its decree, it would have availed these plaintiffs nothing, for their right to any part of the property was denied by that decree, and if an account had been stated by that court at that time, it would have followed the lines of the decree and allowed defendant three fourths of the rents collected up to that time, and his sister, Mrs. Armstrong, the remaining one fourth. If this had been done, in view of the decision of this court upon appeal, that action would have been erroneous, because the proportions were wrong, and one half of the money would have been awarded to the wrong parties. In all partition suits where one of the tenants in common is collecting the rents, or where one party has been ousted by another and the trial court denies the right of the party ousted and he is forced to appeal, there must accrue rents, or the ousting tenant must have the beneficial use of the premises during the appeal. It is manifest that these are matters that can only be settled after the final adjudication of the rights of the parties to the premises. The rights of the cotenants to the accruing rents, issues and profits do not depend upon an express contract between them. They attach as incidents to their ownership of the *res*. When one tenant in common collects rents from the common property, he becomes a trustee of the amount collected for the benefit of all the tenants in common, in the proportion of their respective holdings, and a proceeding in equity for an accounting is a proper remedy, if the rights of the

other tenants are denied or if the tenant refuses to do his plain duty.

III. The trial court charged each party interest on the amount collected by each. This is alleged as error. It is an universal rule that where one collects money for another and fails or refuses to account for or pay it when the debt is legally and technically due, interest will be charged against him. Sutherland on Dam. [2 Ed.], sec. 329; *Early v. Friend*, 16 Gratt. 21; *Barker v. White*, 58 N. Y. *loc. cit.* 214. And where a trustee mingles trust funds with his own to a large amount and for a long time, as was done in this case, he is liable for interest although he has made none. *In re Murdoch*, 129 Mo. *loc. cit.* 499; *Davis v. Coburn,* 128 Mass. *loc. cit.* 380; *Roberts' Appeal*, 92 Pa. St. 407; *Bobb v. Bobb*, 89 Mo. 411.

The rents in this case were collected monthly. During his brother's lifetime, the defendant settled with him monthly. After his death and until 1891, he collected the whole rent, and from 1891 to 1895 he collected three fourths of it. As early as September, 1889, the agent of the plaintiffs demanded the rents then due, and that thereafter he settle with them monthly as he had done with his brother. He refused to turn over any part of the rents collected or to recognize their right at all. Under these circumstances there was no error committed by the circuit court in charging interest on monthly balances.

IV. During the pendency of the appeal from the first decree, and while the plaintiffs were in charge of the one fourth of the premises allotted to their mother, they paid $900 to satisfy two special tax bills for street paving, issued against the part of the property in their charge. It seems to be conceded by the parties that there was a suit pending against other property, represented by defendant, to enforce similar tax bills

against it, and that after plaintiffs paid these two tax bills, the defendant succeeded in having the other tax bills declared invalid. This case was brought here on a certificate of the judgment. The defendant's abstract does not contain all the evidence. There is nothing before us from which we can ascertain whether the tax bills were valid or not. Plaintiffs rely upon the fact that the tax bills were paid in good faith and upon the advice of competent and able attorneys, and insist that they are entitled to credit for the amount paid, notwithstanding the success of the defendant in defeating other tax bills which seem to be admitted grew out of the same contract for public improvements.

In *Miller v. Proctor*, 20 Ohio St. 442, it was held that where trustees exercise proper diligence and precaution and act upon the advice of counsel, they are not liable for losses occurring from matters as to which it is doubtful what the true law is. In *Taylor v. Hite*, 61 Mo. 144, NAPTON, J., in speaking of the duty of a trustee, said: "He is bound to employ such diligence and such prudence in the care and management of a trust fund as, in general, prudent men of discretion and intelligence in such matters employ in their own affairs." A trustee is not liable for all losses to the trust fund. If he acts in good faith, and exercises such care as a man of ordinary prudence would exercise in the management of his own affairs, he is not liable for losses arising out of the management of the trust fund in a legal manner. In this case we are not informed as to the character of the infirmity in the tax bills—in fact, no light whatever is given us by which to determine whether the plaintiff ought to have resisted, even to the extent of a suit, the payment of these bills. We must therefore, on this showing, give them credit for having acted prudently, carefully and with proper regard for the preservation of the trust

Bates v. Hamilton.

property in paying off the liens against it. *Scudder v. Ames,* 142 Mo. 187.

V. At the May term, 1895, the court entered a decree for an accounting, prescribing the rules therefor, the parties submitted statements of account and the court took the matter under advisement; and continued the case. On the first day of the next term the court entered a final decree. At that time defendant's counsel was engaged in another court, not expecting the court would act until the next Saturday. Counsel at once filed a verified motion for a new trial setting forth these proceedings and alleging that since the submission of the cause defendant had discovered an omission in his account as shown the court at the May term, in this, that as administrator of the estate of his brother he had taken credit for $436.56, being one half of the $873.12 which he had paid as taxes against the property for the year 1889, and asked the court to set aside the final judgment and give him credit for $873.12. The court refused the application. The copies of the two settlements as administrator of his brother's estate, attached to defendant's motion, both show that he was allowed credit against that estate for $436.56, being one half of the state and county tax on the joint property for the year 1889. It is not easy to understand on what principle defendant now asks to be allowed credit a second time in this action for the same item for which he has already been given credit as administrator. He paid it but once, and has been fully reimbursed by the credit allowed him by the probate court. If the creditors and devisees or heirs make no objection to the amount being brought into the administration of the estate and being paid out of the funds that came from other sources than the joint property, it does not lie in the

VOL. 144 mo—2

mouth of defendant to object, and most certainly affords no reason for allowing him credit a second time in this action. Under paragraph 3, of section 183, article IX, chapter 1, Revised Statutes of Missouri 1889, it was the duty of the defendant to pay off the taxes against the joint property for the year 1889, and it was proper for the probate court to allow him credit for one half of the amount paid—he owning the other half of the property was liable for the other half of the taxes. The action of the trial court was clearly right in this regard.

We are unable to see how the defendant was prejudiced by the action of the court in entering judgment on the first day of the September term in the absence of his counsel, instead of waiting until the following Saturday. The case had been fully tried at the May term, and a decree for an accounting had been entered and the proofs of each party had been submitted to the court. There was nothing left for the court to do but to pass upon the objections of the parties to certain items of the account submitted by each, and to calculate the interest to be charged, and for this purpose the court, by consent of the parties, took the case under advisement and continued it until the September term. The whole case was then in the breast of the court. The defendant could introduce no further testimony unless the submission was set aside by the court and the case again opened for further testimony. No such application was made before the decree was entered. But inasmuch as it was made after the decree was entered, and inasmuch as we are of the opinion that he was not entitled to the further credit he asked, his rights have not been impaired in any manner.

The judgment of the circuit court is for the right party, and finding no error in its proceedings, we affirm its judgment. All the judges of this division concur.