LUCY A. BLEW v. FRED RITZ.[1]

April 5, 1901.

Nos. 12,343—(87).

**Mesne Profits.**

Claims for mesne profits are usually consequential to and dependent upon a recovery of the land (in ejectment), yet where the disseisor has surrendered or abandoned the premises before suit, and the rightful owner is in possession, such owner may maintain trespass for the wrongful entry, and have damages for the same in the nature of mesne profits.

**Landlord and Tenant—Judgment against Landlord.**

When a lessor has put a party in possession of land, and the occupant relies entirely on his landlord's right to such property as his defense to an action of trespass, a judgment to determine the interest of the lessor therein is binding and conclusive upon the tenant, and competent evidence in a suit against the latter.

**Estoppel.**

A trespasser upon land cannot claim by reason of his unlawful occupation thereof (for less than the legal limitation period) that the real owner, although with knowledge of the same, is estopped to sue for damages for the wrongful acts committed.

Action in the district court for Watonwan county to recover $775 damages for trespass on real estate. The case was tried before Severance, J., who found in favor of plaintiff for the sum of $200. From an order, Cray, J., denying a motion for a new trial, defendant appealed. Affirmed.

*Seager & Lobben,* for appellant.

*Benjamin C. Taylor,* for respondent.

LOVELY, J.

This action is brought to recover damages for the alleged unlawful entry, use, and occupation by defendant of an eighty-acre tract of land owned by plaintiff. The cause was tried to the court, who found that plaintiff was the owner of the land at the time defendant was in possession, and had sustained damages in a

[1] Reported in 85 N. W. 548.

specified sum for illegal deprivation of its use. Judgment was directed therefor. After denial of a motion to vacate the order for judgment, defendant appeals to this court.

The complaint alleges that plaintiff was the owner and entitled to possession of the property in dispute from April 1, 1892, to September 1, 1894; that the defendant wrongfully entered said premises for his own benefit and retained possession thereof to the exclusion of the plaintiff, and received and retained the profits to the benefit and advantage of defendant. The answer admits that the defendant had possession of the premises at the time stated in the complaint, but sets forth that he had such possession as the tenant of a third party (Burnham & Derby Company), which claimed to be the owner of the property, and that the plaintiff acquiesced in that possession, and was estopped from maintaining her action. The reply denies plaintiff's knowledge of her title at the time of the trespasses, but alleges that she acquired knowledge thereof afterwards, when she notified defendant that she claimed the land and demanded damages for his wrongful occupation of the same.

On September 3, 1877, plaintiff (a married woman) was the owner of the land in question. On that day she executed, without the concurrence of her husband, a mortgage to J. I. Case & Co. This mortgage was foreclosed. Redemption expired, and through intermediate transfers the Burnham & Derby Company acquired the right of Case & Co. to the land and leased the same to defendant. The latter, relying on such lease, entered upon the premises, and cropped the same for three successive seasons. Plaintiff, who had been ignorant in the meantime of her legal right to the premises, was informed that the mortgage she had given was void for the reason that her husband had not joined her in its execution. She then notified defendant that she claimed the premises, and demanded possession of the same. Soon after, she commenced an action against all parties holding conveyances to the land subsequent to her mortgage to J. I. Case & Co., including defendant's lessor, to determine adverse claims. Judgment was rendered in that action in her favor and against defendant's lessor, Burnham

& Derby Company, upon a finding, inter alia, that the title and possession of the property was in her at that time.

She subsequently brought this suit, which is in the nature of trespass for mesne profits. It appeared at the trial that the possession of the property as found by the judgment to determine adverse title in the former suit still continued in her. Defendant urges upon this review that mesne profits, as such, are recoverable only as consequential damages in an action to recover possession of real property (ejectment), and there are authorities in courts where the common-law forms of pleading exist that give color to this view. It may be conceded that an action of trespass to recover mesne profits cannot be maintained, where the defendant, and not the plaintiff, is in possession of the property at the time of the commencement of the suit.

"The gist of this action is the injury to the possession, and the general rule is that, unless at the time the injury was committed the plaintiff was in actual possession, trespass cannot be supported, and, though the title may come in question, yet it is not essential to the action that it should." 1 Chitty, Pl. 175.

Depending upon the possessory nature of the common-law action of trespass, the essential necessity that proceedings of that character must rest upon possession by the plaintiff inheres in such cause of action under the code system of pleading. Sheridan v. Jackson, 72 N. Y. 170. But, where the disseisor surrenders possession, or abandons the premises, and the owner enters in assertion of his right to the property, we can see no reason why the rule that mesne profits can only be recovered in ejectment should hold good, since it would allow the defendant to deprive the real owner of a substantial right to damages by his own wrongful act. The rule is thus laid down by Blackstone:

"The disseisee cannot have his action for any act done after the disseisin until he hath gained possession by re-entry, and then he may well maintain it for the intermediate damage done, for after his re-entry the law, by a kind of jus postliminii, supposes the freehold to have all along continued in him." 3 Blackstone Com. 310.

Citing this elementary authority, the supreme court of Pennsylvania have stated the rule, which we adopt, as follows:

"The plaintiff having recovered his possession by ejectment or otherwise, that possession, by operation of law, is extended back to the first moment of deforcement." Eastwick v. Saylor, 85 Pa. St. 15; Leland v. Tousey, 6 Hill, 328; Fuhrer v. Langford, 11 Mo. App. 286.

While the case of Nash v. Sullivan, 32 Minn. 189, 20 N. W. 144, does not pass directly upon the question involved, it is consistent with the views expressed above, and we hold that plaintiff, being in actual possession of the land, had a right to maintain her action of trespass for mesne profits during the years of defendant's occupation as set forth in the complaint.

The complaint, which was objected to on the reception of evidence as insufficient, does not specifically allege possession of the land in plaintiff, yet it asserts title in her. This is a sufficient averment of possession of the property for the purpose of permitting proof of the same. Gage v. Kaufman, 133 U. S. 471, 10 Sup. Ct. 406; Schradsky v. Stimson, 40 U. S. App. 455, 22 C. C. A. 515; Cowenhoven v. City, 38 Barb. 9, 11.

Burnham & Derby Company, which leased the land to defendant, derived its title through the foreclosure of the Case & Co. mortgage of 1877. It was made a party to the action to determine adverse title, and necessarily concluded by the judgment against it. Prior to the determination of that suit, defendant entered as their tenant under a lease, and cropped the land for three years. Upon the trial, after the title in plaintiff previous to the mortgage referred to was conceded, the judgment roll in the suit against the Burnham & Derby Company, to which, however, defendant was not a party, was offered and received in evidence to disprove defendant's rights under his lease. It is now insisted that defendant, not being a party to that suit, is not concluded by the judgment against the Burnham & Derby Company, as lessor, although he specifically places his right to occupy the land upon the lease derived from it in his answer. Under these circumstances he must be treated in his right to occupy the land as the privy of, and identified in interest with, his lessor, which gave

him possession, and upon which he expressly relies; consequently he is bound by the judgment against it, and there was no error in admitting it in evidence. 1 Freeman, Judg. § 169; 2 Phillips, Ev. 10, 11; Miller v. White, 80 Ill. 580.

The evidence shows that when the defendant went upon plaintiff's land she had no knowledge of her legal rights to the premises, and submitted to defendant's possession under the supposition that she had lost her title to the same, and was not aware that, being a married woman, the mortgage she had executed was invalid under the statute (Laws 1869, c. 56, § 2; G. S. 1894, § 5532); but that, as soon as she discovered her right thereto, she gave notice that she would claim the land, and demanded possession from defendant. It is urged, however, that she is estopped by her acquiescence in the possession of the defendant during a number of years from asserting any claim to the land. There are two sufficient answers to this claim: First. The Burnham & Derby Company, the lessor of this defendant, was a party in an action against it, brought by plaintiff to determine its ownership of the land; and, if any acts of plaintiff estopped her from claiming that ownership, such defense was open to it in the action to determine such adverse title; and it must be held it, as well as its lessee, the defendant, are concluded by the judgment in this respect. O'Brien v. Manwaring, 79 Minn. 86, 81 N. W. 746. Again, the defendant was a trespasser, and it has been held by this court that

"One who without right and by trespass enters and occupies the land of another cannot claim, by reason of anything he may do upon it, and the owner's delay (short of the time limited by statute) to oust him, that the owner is estopped to seek any appropriate legal or equitable remedy in respect to it." Village of Wayzata v. Great Northern Ry. Co., 46 Minn. 505, 49 N. W. 205.

We find no other claims of error of sufficient importance to require notice.

The order appealed from is affirmed.