## J. A. NELSON AND W. F. NELSON, CO-PARTNERS AS NELSON REAL ESTATE AGENCY v. DARIUS GYTRI.[1]

December 2, 1921.

No. 22,569.

**Trover and conversion — delivery to elevator — evidence insufficient.**

The parties owned as tenants in common a quantity of oats in a granary on the farm of plaintiffs; there had been no separation of the shares of each from the common mass; defendant hauled some thereof to an elevator and deposited them in their joint names, and a storage receipt was issued accordingly; defendant intended to deliver to plaintiffs the whole or such portion thereof as might be found their due upon a settlement of a claim he held against them; plaintiffs demanded the particular oats as their property and defendant refused delivery until his claim was settled. It is *held*, that there was no conversion of the oats by defendant; plaintiffs had no special right to the particular oats, their right thereto being the same as when the oats were in the granary on the farm, namely, owners in common with defendant.

Action in the district court for Clay county to recover $265 for conversion of certain oats. Plaintiffs' demurrer to the second and third paragraphs of the answer on the ground that the same did not state facts sufficient to constitute a defense, was sustained and leave given to defendant to amend his answer. The case was tried before Nye, J., who when plaintiffs rested granted defendant's motion to dismiss the action on the ground that plaintiffs had failed to make out a case of conversion. From an order denying their motion for a new trial, plaintiffs appealed. Affirmed.

[1]Reported in 185 N. W. 1169.

*Hammett & Morton,* for appellants.
*James A. Garrity,* for respondent.

BROWN, C. J.

Action to recover the value of certain oats alleged to have been wrongfully converted by defendant. It was dismissed at the conclusion of the trial for the failure of the evidence to make out a case, and plaintiffs appealed from an order denying a new trial.

The facts are not in material dispute. It appears that defendant cropped a tract of land owned by plaintiffs, and raised and threshed about 1,800 bushels of oats; these were to be divided equally between the parties, in accordance with sample weights taken of some of the oats at the threshing machine. The oats, as they came from the threshing machine, were all deposited in a granary in one bin, and without attempt to separate the portion belonging to each party. Defendant agreed to deliver the portion belonging to plaintiffs to an elevator, in performance of which he so delivered 667 bushels, leaving, as plaintiffs claim, some 238 bushels yet to be delivered. The precise quantity so remaining due to plaintiffs was a matter in some dispute on the evidence, defendant insisting that the quantity was uncertain and had not been determined by weight. Thereafter defendant took a load of 238 bushels to the elevator and there deposited them in the joint names of plaintiffs and defendant, intending to deliver the quantity due plaintiffs when settlement was had of some twine account defendant claimed to hold against plaintiffs. The elevator storage receipt was issued in the names of both parties. Plaintiffs then demanded the oats so delivered in storage, and defendant refused to surrender the same until his claim was settled.

The ownership of plaintiffs to one-half the oats raised on the farm is not in dispute, but their claim of a conversion of the particular oats so in the elevator in the joint names of the parties, is founded on the demand and refusal just mentioned. If there was a conversion of the oats, it arises from the refusal of defendant to comply with that demand.

The trial court held that the evidence failed to show a conversion and directed a verdict for defendant.

The oats having been placed in the farm granary in a common mass, the parties were owners as tenants in common. No particular part thereof belonged to either party; each owned an undivided interest in the whole. Plaintiffs therefore were not the sole owners of the 238 bushels hauled out by defendant to be delivered to them, or such portion thereof as it should be found they were entitled to upon the adjustment of defendant's claim, and no conversion can be predicated upon his unconditional refusal to deliver them. The oats in the elevator in the joint names of both parties were precisely in the same situation as to ownership as when in the granary on the farm. They were not separated by defendant and set apart unconditionally to plaintiffs, and the parties remained owners thereof as tenants in common. Clearly there was no conversion of the particular oats. Person v. Wilson, 25 Minn. 189. The case would be different perhaps had the oats been separated from the common mass as plaintiffs' remaining share of the whole, or if plaintiffs had made a general demand for their share of the whole and had not singled out and made claim of exclusive ownership to the particular portion in the elevator. Person v. Wilson, supra.

The amended answer put in issue plaintiffs' claim of title, and an admission found in the original can be of no avail at this time. The amended answer is to be construed as the only answer in the case. Hanscom v. Herrick, 21 Minn. 9. The case of Nash v. Brewster, 39 Minn. 530, 41 N. W. 105, 2 L.R.A. 409, is not in point. In that case there was ultimately a separation and delivery to the purchaser of the specified quantity of grain which had been sold from a common mass, but not separated at the time of sale. A fact not here appearing.

Order affirmed.


DIBELL, J. (dissenting).

I dissent:

There were 1,863 bushels of oats threshed. The plaintiffs were to have one-half, or 931½ bushels, elevator weights, delivered at Averill. The

defendant delivered 667 bushels. At the request of the plaintiffs that he complete delivery, he hauled the 238 bushels of which conversion is claimed. The defendant was not hauling his share. He was keeping it for feed, and at one time had in mind buying the plaintiffs' share. After delivery to the elevator he wrote the attorney of the plaintiffs that, as soon as certain bills which he claimed against them were paid, he would turn over the oats in the elevator. In his answer, before it was amended at the opening of the trial by striking out the admission, he admitted the plaintiffs' allegations of ownership of 238 bushels, and claimed that there was something coming to him for twine, etc. A jury could find that the oats were delivered as the property of the plaintiffs. There was evidence of conversion for the jury, and I dissent.