PAUL SONS AND MARY SONS v. THEODORE SONS.[1]

February 10, 1922.

No. 22,635.

**Tenant in common—no recovery of rents and profits, when.**

1. Each tenant in common has the right to occupy the common property and there can be no recovery of rents and profits from one who occupies the whole property, unless the occupant has excluded his cotenant or agreed to share the profits with him. Section 8084, G. S. 1913, has not changed this rule.

**Rule not applicable when one retains more than his share.**

2. The rule does not apply where one tenant has collected and received rents from a third person and has kept more than his just share.

**Tenant excluded from possession cannot compel an accounting.**

3. A cotenant, excluded from possession by his fellow tenant, is entitled to recover only the reasonable rental value of his interest in the common property and cannot compel an accounting for and recover a share of the profits actually received by the occupying tenant.

Action in the district court for Carver county to recover plaintiffs' just proportion of hay, grain and other products raised by defendant on a certain farm. Defendant's demurrer to the complaint was sus-

[1]Reported in 186 N. W. 811.

tained by Tifft, J. From the order sustaining the demurrer, plaintiffs appealed. Affirmed.

*W. C. & W. F. Odell,* for appellants.

*W. H. Leeman,* for respondent.

LEES, C.

Another phase of Sons v. Sons, 145 Minn. 367, 177 N. W. 498, and supra, page 334, 186 N. W. 309, is presented here. The judgment affirmed on the first appeal determined that the plaintiffs and the defendant owned the farm in litigation as tenants in common, plaintiffs each owning an undivided one-fourth and defendant an undivided one-half thereof; that for six years following March 1, 1913, defendant had exclusive possession of the farm and received the profits derived from it; and that he and the plaintiffs were copartners in the farming enterprise and entitled to share in the profits in the proportions in which they owned the land. It was adjudged that the partnership should be dissolved and an accounting had, covering the partnership affairs up to the entry of judgment on June 21, 1919.

The present action was begun in February, 1921, to recover plaintiff's proportionate share of profits derived from defendant's prosecution of the farming enterprise during the years 1919 and 1920, he having remained in possession until September 15, 1920. The complaint alleged that while in possession defendant asserted that he was sole owner of the farm and that plaintiffs had no rights or interest therein, had excluded them from possession until judgment was entered in a suit for partition they had instituted, had appropriated to his own use all the products of the farming seasons of 1919 and 1920, which were of the value of $2,500, and refused to account to plaintiffs therefor. Judgment was demanded for an accounting to determine the value of plaintiffs' proportion of the farm produce and the recovery of the amount so determined. Defendant demurred to the complaint on the ground that it failed to state a cause of action. The demurrer was sustained and plaintiffs appealed.

The sole question is whether plaintiffs can maintain an action to recover the value of their share of the farm products, all of it having been appropriated by the defendant, or may recover only the reasonable rental value of their interest in the farm. If the latter was their only remedy, the demurrer was properly sustained, for no facts were alleged which would entitle them to give evidence of such value.

The partnership having been dissolved by the judgment, the rights of the parties subsequent to June 21, 1919, must be determined by the law relating to tenancy in common. In the absence of a statute containing some provision to the contrary, each tenant in common has the right to occupy the common property and there can be no recovery of rents and profits from one who occupies the whole of the property, unless such occupant has excluded his cotenant or has agreed to share the profits with him, and our statute, section 8084, G. S. 1913, has not changed this rule. Kean v. Connelly, 25 Minn. 222, 33 Am. Rep. 458; Hause v. Hause, 29 Minn. 252, 13 N. W. 43; Tiffany, Real Prop. p. 675. But the rule does not apply where one tenant has collected and received rents from a third person and has kept more than his just share. Kean v. Connelly, supra; note to Schuster v. Schuster, 29 L. R. A. (N. S.) pp. 224-229; note to Johnson v. Johnson, L. R. A. 1918B, p. 607.

Defendant has occupied the common property himself, not receiving any rents from third persons, but excluding plaintiffs from possession, and appropriating all of the farm produce. Must he account to plaintiffs therefor, or is he liable only for the reasonable rental value of their interest in the farm? In Cook v. Webb, 21 Minn. 428, upon a similar state of facts, it was held that the remedy of a tenant who has been ousted from possession is an action of trespass on the case for mesne profits. In the course of the opinion it was remarked that in such an action the plaintiff is entitled to recover the value of the use and occupation at least. Whether the excluded tenant might have an accounting for profits received by his cotenant was not expressly decided. The authorities in other jurisdictions are divided on the question. The alignment of the courts and the substance of their rulings pro and con are summed up in 38 Cyc. p. 66; note to Schuster v. Schuster, 29 L. R. A. (N. S.) p. 232;

note to Gage v. Gage, 28 L. R. A. pp. 832-834. The common-law rule, according to the preponderance of authority, is that a cotenant, ousted by his fellow tenant, may sustain an action of trespass against him to recover the damages occasioned by such ouster. In such an action, only mesne profits are recoverable. Freeman, Cotenancy & Part. §§ 301, 303; Tiffany, Real Prop. p. 677.

Our statute provides that, in an action by a tenant in common against a cotenant, the plaintiff must show, in addition to the evidence of his right, that the defendant either denied the plaintiff's right or did some act amounting to such denial, section 8064, G. S. 1913, and that the damages for withholding the property recovered shall not exceed the fair value of the use of the property. Section 8068, G. S. 1913. In Nash v. Sullivan, 32 Minn. 189, 20 N. W. 144, it was held that a disseizor, in the actual and exclusive possession of land, cannot be charged with the value of grain harvested with his own labor and at his own expense before he was evicted; that the plaintiff's only remedy is an action for mesne profits, the amount of recovery being limited to the annual rental value of the premises wrongfully withheld from plaintiff. In Ford Motor Co. v. City of Minneapolis, 147 Minn. 211, 179 N. W. 907, the same rule was applied as between the taker of property by right of eminent domain and the owner who occupied it between the times when damages were awarded and paid. In the course of the opinion Mr. Justice Holt remarked that where the former owner is considered in possession under an implied contract to pay for use and occupation, or as a trespasser or disseizor ousted by ejectment and liable for mesne profits, the measure of damages is the same, namely, the fair rental value of the part occupied.

We are of the opinion that this is the rule which should be applied in a case such as we have here and that plaintiffs should have brought their action to recover their share of the reasonable rental value of the farm instead of suing to obtain an accounting for profits received by defendant. Reaching this conclusion, we do not stop to consider the sufficiency of the allegation of the complaint respecting plaintiff's exclusion from possession.

Order affirmed.